■ In the Matter of SIMONE M. and Others, Children Alleged to be Neglected. DENISE B., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [749 NYS2d 484] —Orders of disposition, Family Court, Bronx County (Clark Richardson, J.), entered on or about November 17, 2000, placing the subject children with petitioner Administration for Children's Services for a period of 12 months, upon a fact-finding determination of neglect, unanimously affirmed, insofar as it brings up for review the fact-finding determination, and the appeal therefrom otherwise dismissed as moot, all without costs. Appeal from fact-finding order, same court (Harold Lynch, J.), entered on or about February 16, 2000, unanimously dismissed, without costs, as superseded by the appeal from the order of disposition.

We decline to review the placement since the dispositional order from which respondent appeals has expired (*Matter of M.-H. Children,* 284 AD2d 188). The findings of neglect are supported by a preponderance of the credible evidence (Family Ct Act § 1046 [b] [i]). As to the fatal scalding incident, we take particular note of respondent's admissions that she was aware of sudden fluctuations in the bathtub's water temperature and of the child's presence in the bathroom while the water was running, and respondent's refusal to answer questions on cross-examination that might have shown, as she claims, that the injury was accidental and not due to any failure on her part to care for the child (Family Ct Act § 1046 [a] [ii]; *see Matter of Philip M.,* 82 NY2d 238, 243-244, 246). We reject respondent's contention that the incident, which occurred in March 1995, was not relevant to neglect petitions filed in November 1997. Concerning the marks on the arm of another of respondent's children claimed to be the result of excessive corporal punishment, no basis exists to disturb Family Court's findings that the child's testimony that she fell on a rock at a school park was the result of coaching and pressure from respondent, that the child had previously told her teacher that the marks were inflicted by respondent, that the straight lined marks are not consistent with a fall from a rock, that respondent had on many occasions hit and bound this and another child of hers, that the marks were not mere scratches as claimed by respondent, and that the marks required medical attention that respondent

failed to seek even after numerous requests to do so by petitioner's caseworkers (Family Ct Act § 1012 [f] [i] [A]).

We have considered respondent's other arguments and find them unavailing. Concur—Tom, J.P., Sullivan, Rosenberger, Ellerin and Rubin, JJ.