■ In the Matter of H./R. CHILDREN, Alleged to be Neglected. MICHELLE G., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent, et al., Respondent. [756 NYS2d 166] —Order of disposition, Family Court, New York County (Susan Larabee, J.), entered on or about December 7, 2000, which, to the extent appealable, brings up for review a fact-finding order of the same court and Judge, entered on or about June 13, 2000, finding, insofar as appealed from, that the subject children had been neglected by respondent mother, unanimously reversed, insofar as reviewed, on the law and the facts, without costs, the findings of neglect against respondent mother vacated, and the petitions against her dismissed; appeal from the balance of the aforesaid order of disposition unanimously dismissed, without costs, as academic. Appeal from order, same court and Judge, entered on or about January 29, 2002, which denied respondent mother's motion for an order vacating the finding of neglect against her and dismissing the petitions against her, unanimously dismissed, without costs, as academic.

Respondent mother had a seven-year relationship with corespondent Benjamin H. (H.), the father of the youngest of the three subject children, who was born in June 1994. Between

November 1995 and February 1999, the mother apparently made four complaints to the police about H., but there is no indication in the record that any of these incidents involved violence or threats of violence. Although the mother filed a petition for an order of protection against H. in September 1997, in which she alleged that H. "ha[d] been physically abusive on several occasions" and had caused her to "fear[ ] for her safety," these allegations were totally unsubstantiated by dates or descriptions of any particular incidents, and the mother allowed the proceeding to lapse afer two months. In the instant proceeding, the mother testified that she filed the 1997 petition only because she believed an order of protection was necessary to obtain sole custody of the parties' son, which she then sought, and that she dropped the proceeding when she and H. reached an amicable agreement concerning custody arrangements for that child. H. has not cohabited with the mother and the subject children since 1997.

On July 6, 1999, the mother permitted H. to take their son on an outing. When H. returned with the boy to the mother's apartment, he found the mother in the company of a male visitor. The two men began to argue, and the mother attempted to separate them. H. punched the mother, kicked her in the stomach, and cut her visitor with a meat cleaver. The mother was hospitalized for a week as a result of this incident, which was witnessed by at least one of the subject children. The Administration for Children's Services (ACS) subsequently commenced this child protective proceeding, in which Family Court, after a hearing, made a fact-finding determination that the mother had neglected her children by failing to protect them from domestic violence. On the mother's appeal from Family Court's order of disposition, which has expired,* we now reverse the underlying findings of neglect against her.

If a preponderance of the credible evidence showed that the incident of July 6, 1999 was preceded by a history of violence or threats of violence by H. against the mother or the children, or within their presence, and that the mother failed to take steps to protect the children from such domestic violence, thereby placing their physical, mental and emotional condition in imminent danger of impairment, we would affirm (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *see also Matter of Car-*

---

* Although the order of disposition, having expired, is moot, the findings of neglect on which it was based remain reviewable due to the potential effect of such findings in any future proceedings (*see Matter of Danielle S.*, 282 AD2d 680, 681; *Matter of C. Children*, 249 AD2d 540; *Matter of H. Children*, 156 AD2d 520; *see also Matter of Simone M.*, 298 AD2d 171).

*los M.*, 293 AD2d 617, 619; *Matter of Athena M.*, 253 AD2d 669; *Matter of Deandre T.*, 253 AD2d 497, 498; *Matter of Lonell J.*, 242 AD2d 58). Here, however, the record is bereft of any evidence of specific instances of domestic violence by H. prior to July 6, 1999. Again, the mother's four prior police complaints against H. do not indicate that the underlying incidents involved violence or threats of violence, and the 1997 petition for an order of protection, on which Family Court heavily relied, is devoid of particularized factual allegations and has now been disavowed by the mother. Thus, based on the record before us, the July 6, 1999 incident appears to have been the sole episode of domestic violence by H., and it therefore cannot support a finding of neglect against the mother (*see Matter of Kayla B.*, 262 AD2d 137).

We note that the mother's alleged refusal to cooperate with ACS after the July 6, 1999 incident, on which Family Court also relied in making its findings, is insufficient to support a finding of neglect by itself. Finally, in view of our reversal of the neglect findings against the mother, her appeal from the subsequent order denying her motion to vacate those findings becomes academic. Concur—Nardelli, J.P., Saxe, Sullivan, Williams and Friedman, JJ.