■ In the Matter of PEDRO C., a Child Alleged to be Neglected. JOSEPHINE B., Appellant; COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [767 NYS2d 578]—

Appeal from order of disposition, Family Court, Bronx County (Gayle Roberts, J.), entered on or about April 11, 2002, which, after a fact-finding determination of neglect, placed the subject child with petitioner Commissioner of the Administration for Children's Services for a period of 12 months, unanimously dismissed as moot, without costs. Appeal from order, same court and Judge, entered on or about June 2, 1999, which denied respondent's application for return of the child following his temporary removal from her home, unanimously dismissed as moot, without costs. Order, same court and Judge, entered on or about January 18, 2000, which, after a hearing, found that respondent had neglected the child, unanimously affirmed, without costs.

The finding of neglect is supported by a preponderance of the evidence (*Matter of Nicole V*, 71 NY2d 112, 117 [1987]), including credited testimony of police officers that respondent was found intoxicated on the street late at night far from her home with her then two-year-old child, became loud and hostile when the officers inquired as to what she was doing, and exhibited bizarre behavior at the precinct (*see Matter of Shyasia L.*, 286 AD2d 391 [2001], *lv dismissed* 97 NY2d 668 [2001]). We reject respondent's contention that a single incident of this kind, where the parent's judgment was strongly impaired and the child exposed to a risk of substantial harm, does not constitute neglect (*cf. Matter of Victoria CC.*, 256 AD2d 931 [1998]). Under the circumstances, it does not avail respondent that the child did not suffer actual injury that night (*see Matter of Billy Jean II*, 226 AD2d 767 [1996]).

Respondent's appeal from the June 1999 order that denied her application for return of the child following his temporary removal from her home is dismissed, since that order expired upon entry of the fact-finding order in January 2000. Similarly, the appeal from the April 2002 dispositional order is dismissed, since its 12-month placement terms have expired (*see Matter of Simone M.*, 298 AD2d 171). In any event, the placement is amply supported by evidence of respondent's mental illness and continued substance abuse. Concur—Tom, J.P., Saxe, Sullivan, Lerner and Friedman, JJ.