■ In the Matter of HEATHER D., an Infant. NIAGARA COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ADAM D., Appellant. [794 NYS2d 243]—

Appeal from an order of the Family Court, Niagara County (David E. Seaman, J.), entered December 10, 2003 in a proceeding pursuant to Family Court Act article 10. The order adjudged that respondent's child is a neglected child and placed respondent under the supervision of petitioner for a period of 12 months.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Respondent appeals, as limited by his brief, from so much of an order in a proceeding pursuant to Family Court Act article 10 as determined, upon a fact-finding hearing, that he neglected his daughter, Heather. To establish neglect, petitioner was required to establish, by a preponderance of the evidence, that Heather's "physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired as a result of the failure of [respondent] to exercise a minimum degree of care . . . in providing [Heather] with proper supervision or guardianship, . . . by misusing alcoholic beverages to the extent that he loses self-control of his actions" (§ 1012 [f] [i] [B]; *see Matter of Tammie Z.*, 66 NY2d 1, 3 [1985]). Petitioner established that respondent became highly intoxicated, locked himself in his apartment with two-week-old Heather, and then passed out. Neither Heather's mother nor the police were able to rouse him, and the police eventually had to force open the apartment door to gain access to the crying child. Respondent's conduct placed Heather at obvious risk in the event of an emergency (*see Matter of Stoops v Perales*, 117 AD2d 7, 9 [1986]) and constituted neglect (*see Matter of Pedro C.*, 1 AD3d 267, 268 [2003]; *Matter of Evangeline X.*, 256 AD2d 683, 684 [1998]). Present—Green, J.P., Hurlbutt, Kehoe, Smith and Hayes, JJ.