■ In the Matter of RAIMA W., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FRANKLIN W., Appellant. (Proceeding No. 1.) In the Matter of ANTHONY W., an Infant. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; FRANKLIN W., Appellant. (Proceeding No. 2.) [873 NYS2d 704]—

In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) a fact-finding order of the Family Court, Queens County (Richroath, J.), dated September 21, 2007, which, after a hearing, determined that he neglected the child Raima W. and derivatively neglected the

child Anthony W., and (2) an order of disposition of the same court dated November 20, 2007, which, upon the fact-finding order, inter alia, released the children to the custody of the maternal grandmother.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

"Where a determination depends upon the assessment of the credibility of witnesses, the findings of the hearing court are entitled to great weight" (*Matter of Erich J.*, 22 AD3d 849 [2005]). Here, contrary to the appellant's contention, the Family Court's finding of neglect as to the child Raima W. based on his use of alcohol while driving a car in which the child was a passenger, and his use of corporal punishment is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Matter of Heather D.*, 17 AD3d 1087 [2005]; *Matter of Pedro C.*, 1 AD3d 267 [2003]). Furthermore, the evidence also supports a finding of derivative neglect with respect to Anthony W. (*see* Family Ct Act § 1046 [a] [i]; *Matter of Ramsay M.*, 17 AD3d 678 [2005]; *Matter of Dutchess County Dept. of Social Servs. [Noreen K.]*, 242 AD2d 533, 534 [1997]).

The appellant's remaining contention is without merit. Rivera, J.P., Angiolillo, Carni and McCarthy, JJ., concur.