In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition (one paper) of the Family Court, Suffolk County (Tarantino, Jr., J.), dated September 7, 2007, which, after fact-finding and dispositional hearings, inter alia, found that he had neglected the subject children and placed them in the care and custody of the Suffolk County Department of Social Services until the completion of the next permanency hearing.
Ordered that the appeal from so much of the order of fact-finding and disposition as placed the children in the care and custody of the Suffolk County Department of Social Services until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements, as the period of placement has expired (see Matter oflfeiye O., 53 AD3d 501 [2008]; Matter of Jason Brian B., 33 AD3d 995 [2006]); and it is further,
*684 Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursement.
The Family Court properly found that the petitioner established by a preponderance of the evidence that the father neglected his daughters, Kathleen and'Rachel. The evidence presented at the fact-finding hearing demonstrated that the father engaged in conduct which either impaired the children’s physical, mental, or emotional condition, or created an imminent risk of impairment (see Family Ct Act § 1012 [f] [i]), including punching Rachel in the face, thereby leaving red marks, grabbing Kathleen’s arm, thereby leaving bruises, and subjecting the girls to repeated and extreme verbal abuse which upset them to such a degree that each expressed a desire to run away from home (see Matter of Krista LL., 46 AD3d 1209 [2007]; Matter of Joseph O., 28 AD3d 562 [2006]; Matter of Sheneika V., 20 AD3d 541 [2005]; Matter of Rakim W., 17 AD3d 376 [2005]). Although the father largely denied the allegations against him, the Family Court’s finding that he was not a credible witness is entitled to deference (see Matter of Taylor P., 63 AD3d 1161 [2009]; Matter of Stefani C., 61 AD3d 681 [2009]; Matter of Raima W., 59 AD3d 633 [2009]), and is fully supported by the record.
The record further demonstrates that the father was afforded the effective assistance of counsel (see Family Ct Act § 262 [a] [i]; Matter of Koby S., 2 AD3d 451 [2003]; Matter of Matthew C., 300 AD2d 394 [2002]; Matter of Alfred C., 237 AD2d 517 [1997]; see also People v Baldi, 54 NY2d 137 [1981]).
Finally, the Family Court did not deny the father his constitutional right to represent himself because he never invoked this right by making a clear and unequivocal request to proceed pro se (see People v Gillian, 8 NY3d 85, 88 [2006]; People v LaValle, 3 NY3d 88, 106-107 [2004]; People v Kennedy, 25 AD3d 567 [2006]; People v Carter, 299 AD2d 418, 419 [2002]). Dillon, J.P., Eng, Belen and Hall, JJ., concur.