In the Matter of NICHOLAS M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; SANTINO T., Appellant. [933 NYS2d 589]—

The finding of neglect is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f]). The evidence adduced at the hearing established that the appellant left the child alone with the child's mother while she was intoxicated. In fact, on one of those occasions, the appellant permitted the child's mother to push the child in a stroller at night while she was intoxicated, and in an area without any sidewalks (*see Matter of Tylasia B. [Wayne B.]*, 72 AD3d 1074, 1075 [2010]; *Matter of Arthur C.*, 260 AD2d 478, 479 [1999]). Further, the evidence showed that the appellant neglected the child by engaging in acts of domestic violence against the mother in the child's presence, thereby creating an imminent risk of impairing the child's physical, mental, or emotional condition (*see Matter of Hannah A. [Jibrine A.]*, 84 AD3d 951, 952 [2011]). Rivera, J.P., Leventhal, Belen and Roman, JJ., concur.