■ In the Matter of BIANCA P. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THEODORE A.P., JR., Appellant. (Proceeding No. 1.) In the Matter of THEODORE P., III. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; THEODORE A.P., JR., Appellant. (Proceeding No. 2.) [943 NYS2d 200]—

In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from a fact-finding order of the Family Court, Suffolk County (Freundlich, J.), dated May 4, 2011, which, after a hearing, found that he neglected the subject children.

Ordered that the fact-finding order is affirmed, without costs or disbursements.

The Family Court's determination regarding the credibility of witnesses is entitled to great weight on appeal unless clearly unsupported by the record (*see Matter of Creighton v Whitmore*, 71 AD3d 1141 [2010]). Here, contrary to the father's contention, the Family Court's finding of neglect as to the child Bianca based on his use of alcohol while driving a car in which she was a passenger and failing to put her into a child seat or restraint,

is supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Matter of Raima W.*, 59 AD3d 633, 634 [2009]; *Matter of Heather D.*, 17 AD3d 1087 [2005]; *Matter of Pedro C. [Josephine B.]*, 1 AD3d 267, 268 [2003]). The evidence also supports a finding of neglect with respect to the child Theodore based on the father's allowing Theodore to ride in a car driven by a friend when he knew or should have known that the friend was intoxicated (*see Matter of Nicholas M. [Santino T.]*, 89 AD3d 1087 [2011]; *Matter of Tylasia B. [Wayne B.]*, 72 AD3d 1074, 1075 [2010]). Balkin, J.P., Leventhal, Roman and Sgroi, JJ., concur.