■ In the Matter of ISAIAH M., a Child Alleged to be Neglected. ANTOYA M., Appellant; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [946 NYS2d 856]—

Order of disposition, Family Court, Bronx County (Jane Pearl, J.), entered on or about October 27, 2009, which, upon a fact-finding determination of neglect, placed the subject child with petitioner until completion of the next permanency hearing, unanimously affirmed insofar as it brings up for review the fact-finding determination, and the appeal therefrom otherwise dismissed as moot, without costs. Appeal from fact-finding order, same court and Judge, entered on or about August 24, 2009, unanimously dismissed, without costs, as superseded by the appeal from the order of disposition.

Contrary to appellant's contention, "[a] single incident 'where the parent's judgment was strongly impaired and the child exposed to a risk of substantial harm' can sustain a finding of neglect" (*Matter of Kayla W.*, 47 AD3d 571, 572 [2008], quoting *Matter of Pedro C. [Josephine B.]*, 1 AD3d 267, 268 [2003]; *see Matter of Zariyasta S.*, 158 AD2d 45 [1990]). Appellant testified that she was in a park with her son when she began to experience auditory hallucinations that were telling her that a demon wanted her to harm her son. After appellant stopped a passerby for help, she was taken to a hospital where she signed a temporary release allowing the Administration for Children's Services to take the child into its custody. Appellant, whose medical records show she has experienced delusions of demons since her childhood, was thereafter involuntarily committed for a month, during which time she continued to be extremely delusional and psychotic with bizarre behavior, and lacked insight into her mental illness.

The court's finding of neglect was supported by a preponderance of evidence that appellant's judgment was strongly impaired and that her lack of judgment exposed the child to a substantial risk of harm to his physical, mental, and emotional health (*see Matter of Noah Jeremiah J. [Kimberly J.]*, 81 AD3d 37, 50 [2010]; *Matter of Zariyasta S.*, 158 AD2d at 48; *Matter of Jesse DD.*, 223 AD2d 929, 930-931 [1996], *lv denied* 88 NY2d 803 [1996]; *see also* Family Ct Act § 1046 [b] [i]). Concur—Tom, J.P., Mazzarelli, Moskowitz, Renwick and Abdus-Salaam, JJ.