In two related child protective proceedings pursuant to Family Court Act article 10, the father appeals from (1) an order of fact-finding of the Family Court, Queens County (Tally, J.), dated November 10, 2011, which, in proceeding No. 1, after a hearing, found that he neglected Amelia VM.B., and (2) an order of fact-finding of the same court, also dated November 10, 2011, which, in proceeding No. 2, after a hearing, found that he sexually abused Amelia VM.B.
Ordered that the orders of fact-finding are affirmed, without costs or disbursements.
Contrary to the father’s contention, a preponderance of the evidence established that he neglected the subject child (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]; Nicholson v Scoppetta, 3 NY3d 357, 371, 372 [2004]). The evidence presented at the fact-finding hearing was sufficient to show that the father neglected the subject child by engaging in certain acts of domestic violence in the child’s presence that impaired, or created an imminent danger of impairing, her physical, emotional, or mental conditions (see Matter of Ndeye D. [Benjamin D.], 85 *981 AD3d 1026, 1027-1028 [2011]; Matter of Kiara C. [David C.], 85 AD3d 1025, 1026 [2011]). Moreover, additional evidence established a pattern of domestic violence and intimidation perpetrated by the father (see Matter of Kiara C. [David C.], 85 AD3d at 1026).
In addition, a preponderance of the evidence established that the father sexually abused the subject child. A child’s out-of-court statements may form the basis for a finding of abuse or neglect if they are sufficiently corroborated by other evidence tending to support their reliability (see Family Ct Act § 1046 [a] [vi]; Matter of Nicole V., 71 NY2d 112, 123-124 [1987]). However, corroborative evidence as to the identity of an abuser is not required (see Matter of Nichole L., 213 AD2d 750, 751-752 [1995]; Matter of Justina S., 180 AD2d 642, 643 [1992]; Matter of Fawn S., 123 AD2d 871, 873 [1986]; Matter of Kimberly K., 123 AD2d 865, 865 [1986]). The Family Court’s findings regarding the credibility of witnesses are accorded great weight on appeal unless clearly unsupported by the record (see Matter of Kyanna T. [Winston R.], 99 AD3d 1011, 1013 [2012]; Matter of Bianca P. [Theodore A.P.], 94 AD3d 1126 [2012]).
Here, the subject child had a torn hymen consistent with vaginal penetration as a result of sexual abuse, and the subject child made out-of-court statements to the mother and the foster mother identifying the father as the perpetrator of the abuse. We find no reason to disturb the Family Court’s determination that the mother testified credibly as to the out-of-court statements made by the subject child (see Matter of Kyanna T. [Winston R.], 99 AD3d at 1013; see also Matter of Joseph O’D. [Denise O’D.], 102 AD3d 874 [2013]). Although the father alleged that the sexual abuse took place while the subject child was in foster care, there was no evidence in the record to support this allegation. Furthermore, the father had access to the subject child during the relevant time period when the sexual abuse could have occurred.
The father’s remaining contention is without merit.
Accordingly, the Family Court’s findings of sexual abuse and neglect were supported by a preponderance of the evidence. Skelos, J.P., Angiolillo, Leventhal and Chambers, JJ., concur.