Matter of Genesis Q. (Viviana L.) (2022 NY Slip Op 03870)

Matter of Genesis Q. (Viviana L.)

2022 NY Slip Op 03870

Decided on June 14, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 14, 2022

Before: Webber, J.P., Gesmer, Oing, Singh, Kennedy, JJ. 

Docket No. NN-09335/17, NN-09336/17 Appeal No. 16121 Case No. 2021-03269 

[*1]In the Matter of Genesis Q. and another, Children under Eighteen Years of Age, etc., Viviana L., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent. 

Douglas H. Reiniger, New York, for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Jesse A. Townsend of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Amy Hausknecht of counsel), attorney for the children.

Order of disposition, Family Court, New York County (Valerie A. Pels, J.), entered on or about July 27, 2021, to the extent it brings up for review a fact-finding order, same court (Patria Frias-Colon, J.), entered on or about January 13, 2020, finding that respondent mother neglected the subject children, unanimously affirmed, without costs.
A preponderance of the evidence supports the court's finding that respondent neglected the subject children by abusing alcohol (see Family Ct Act § 1012[f][i][B]). The credible evidence demonstrates that respondent became so intoxicated that the children could not rouse her, causing one child to fear she had died and the other to suffer a panic attack so severe that maternal relatives called emergency services and the child was taken to the hospital. The record shows that a finding of neglect had been made two years earlier based in part on alcohol misuse (see Matter of Matthew T. [Tiffany S.], 179 AD3d 464 [1st Dept 2020]). We reject appellant's contention that a single incident may not constitute neglect (see id.; Matter of Pedro C. [Josephine B.], 1 AD3d 267, 268 [1st Dept 2003]). The court's credibility determinations are entitled to broad deference (see Matter of Tanveer L. [Vikram L.], 125 AD3d 556, 557 [1st Dept 2015]), and are supported by the evidence.
Respondent's alternative argument, that the petition should have been dismissed because the aid of the court was no longer required (Family Ct Act § 1051[c]), is unavailing. She did not request dismissal until several weeks after the fact-finding of neglect had been made, and did not seek vacatur of the finding (see Family Ct Act § 1061). Moreover, when the mother's attorney made an oral request on the record for dismissal of the petition, the mother and children had moved to Tennessee, the Interstate Compact on the Placement of Children (ICPC) process had not yet been completed, and the court stated that it had little information about the family's status since living in Tennessee. The Family Court was appropriately unwilling to grant the mother's request at that time, but stated that when more information was available and a current substance abuse evaluation of the mother could be completed, "maybe we could be in a place where we could resolve this and consider either a 1051-c or some other resolution that could be satisfactory to everybody." The order of disposition was issued over a year later on the consent of petitioner, respondent and the attorney for the child, and neither the mother's attorney nor the attorney for the child renewed the request for dismissal of the petition pursuant to Family Court Act § 1051(c). Under these circumstances, the mother is not entitled to dismissal of the petition pursuant to Family Court Act § 1051(c).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 14, 2022