■ In the Matter of JOSE Y., and Others, Infants. DUTCHESS COUNTY DEPARTMENT OF SOCIAL SERVICES, Appellant; GREGORIA Y., Respondent.—In consolidated child protective proceedings pursuant to Family Court Act article 10, the petitioner Dutchess County Department of Social Services appeals from an order of the Family Court, Dutchess County (Bernhard, J.), entered October 31, 1990, which dismissed the petitions and ordered that the children be returned to the physical custody of the respondent.

Ordered that the order is modified, on the facts, by (1) deleting the provision thereof which dismissed the neglect allegations as to Jose Y., Eduardo Y. and Geraldo Y. and substituting therefor a finding that the respondent neglected the children, and (2) deleting the provision thereof directing that the children are to be returned to the physical custody of the respondent; as so modified the order is affirmed, without costs or disbursements, and the matter is remitted to the Family Court, Dutchess County, for a dispositional hearing in accordance herewith; and it is further,

Ordered that pending the determination of the Family

Court, Dutchess County, to be made following the dispositional hearing, custody of Eduardo Y. and Geraldo Y. shall remain with the appellant.

On or about March 9, 1988, the petitioner Dutchess County Department of Social Services filed child abuse and neglect petitions against the respondent and her husband. The subjects of the petitions were the respondent's three adopted children. The respondent's husband admitted to having sexual contact with the youngest child, Eduardo, approximately two years earlier. He entered a plea of guilty to a criminal charge of sexual abuse but died prior to his sentencing. The petitioner then proceeded against the respondent alone.

After a fact-finding hearing, the Family Court dismissed the petitions, despite finding strong and uncontroverted evidence that Eduardo has been sexually abused and exhibited all of the symptoms of an abused child. The court concluded that the evidence was insufficient to reliably establish that the respondent was a perpetrator of the sexual abuse. We agree with the court's determination on the charges of abuse but conclude otherwise with respect to the charges of neglect.

The petitioner met its burden of establishing by a preponderance of the evidence that Eduardo had been neglected by the respondent (Family Ct Act § 1012 [f] [i] [B]). Eduardo, five years old at the time the petition was filed, had been sexually abused by his adoptive father for at least two years. In addition, it is apparent that sexual contacts with the father, and perhaps others, continued for a period of years. The respondent failed to acknowledge or recognize behavioral changes exhibited by Eduardo at home and in school despite being apprised of the signals of sexual abuse by a teacher and social worker. A reasonably prudent parent would have observed the objective signals of sexual abuse exhibited by Eduardo, and taken action to protect the child from the continued abuse occurring in the household over a period of more than two years. While the record does not support a finding of actual knowledge that would constitute abuse (cf., Matter of Katherine C., 122 Misc 2d 276), we conclude that it does establish a failure of parental supervision and control to such a degree that there should be a finding of neglect as to Eduardo (see, Matter of Scott G., 124 AD2d 928; Matter of Tantalyn TT., 115 AD2d 799; Matter of Keith R., 123 Misc 2d 617). We further find that the respondent's parental neglect posed and continues to pose a danger to the mental, emotional and physical condition of Geraldo and Jose (see, Matter of P Children, 172 AD2d 839; Matter of Christina Maria C., 89

AD2d 855). The matter must be remitted to the Family Court, Dutchess County, for a dispositional hearing with respect to all three children. We note that the psychological evaluation rendered by Dr. James P. Merrigan on or about June 21, 1988, indicates that Eduardo has been extremely traumatized and that both he and the respondent will need counseling and therapy before it is safe to return him to her custody. Accordingly, we conclude that there should be updated psychological evaluations of all three children, and the respondent. In addition, the newly appointed Law Guardian must be given an opportunity to review all pertinent documents and to submit a report to assist the court in its determination.

We note that pursuant to a decision and order of this court dated October 31, 1990, the order appealed from was stayed with respect to Eduardo Y. and Geraldo Y., and the custody of those children remained with the appellant. Jose Y. returned to his mother. The status quo should be maintained pending the new disposition. Lawrence, J. P., Miller, Ritter and Copertino, JJ., concur.