■ In the Matter of COMMISSIONER OF SOCIAL SERVICES, on Behalf of VINCENT D. a Child Alleged to be Neglected, Respondent, v VINCENT D. II, Appellant. [648 NYS2d 161] —In a proceeding pursuant to Family Court Act article 10, the father appeals from (1) a dispositional order of the Family Court, Queens County (Sparrow, J.), dated February 28, 1994, which, *inter alia,* gave custody of the child to the mother and directed that the father have no visitation with the subject child until the child's therapist approves such visitation, (2) an order of protection of the same court, also dated February 28, 1994, and (3) an order of the same court (Freeman, J.), dated May 22, 1995, which modified the order of protection dated February 28, 1994, by extending it for another 18 months. The appeal brings up for review a fact-finding order of the same court dated August 26, 1993, which, after a hearing, found that the child had been neglected.

Ordered that the appeal from the order of protection dated

February 28, 1994, is dismissed, without costs or disbursements, as that order was superseded by the order dated May 22, 1995; and it is further,

Ordered that the appeal from so much of the dispositional order as gave custody of the child to the mother and directed that the father have no visitation with the subject child until the child's therapist approves such visitation is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the dispositional order is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the order dated May 22, 1995, is affirmed, without costs or disbursements.

Although the dispositional order has expired, the underlying adjudication of neglect constitutes a permanent and significant stigma. Moreover, the finding of neglect might indirectly affect the appellant's status in potential future proceedings. Therefore, the appeal from so much of the determination as found that the child was neglected is not academic (see, Matter of H. Children, 156 AD2d 520).

Contrary to the appellant's contention, the petitioner proved by a preponderance of the evidence that the subject child was neglected (see, Family Ct Act §§ 1046 [b] [i]; 1012 [f] [i]). We further find that the extension of the order of protection was in the child's best interest, and constituted a provident exercise of the court's discretion (see, Matter of Commissioner of Social Servs. [Trudy I.] v Leona W., 192 AD2d 602).

We reject the appellant's contention that the court erroneously interviewed the child in camera (see, Matter of Lincoln v Lincoln, 24 NY2d 270; Matter of Diana D., 218 AD2d 697; Matter of Fawn S., 123 AD2d 871; Matter of Bernelle P., 59 AD2d 764, affd 45 NY2d 937).

The appellant's remaining contentions lack merit. Sullivan, J. P., Pizzuto, Santucci and Hart, JJ., concur.