■ In the Matter of LEMAR H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ERVIN H., Appellant. (Proceeding No. 1.) In the Matter of KEMMAR H., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ERVIN H., Appellant. (Proceeding No. 2.) [806 NYS2d 80]—

In two related child protective proceedings pursuant to Family Court Act article 10, Ervin H. appeals from (1) a fact-finding order of the Family Court, Queens County (Richroath, J.), dated June 30, 2004, which, after a fact-finding hearing, found that he neglected the child Lemar H. and derivatively neglected the child Kemmar H., and (2) an order of disposition of the same

court dated December 7, 2004, which, after a dispositional hearing, inter alia, placed the children in the custody of the Administration for Children's Services of the City of New York for a period of 12 months.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as that order was superseded by the order of disposition; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The Family Court's finding that the appellant, the children's paternal grandfather, neglected Lemar H. based on the use of excessive corporal punishment is supported by a preponderance of the evidence. Contrary to the appellant's contention, the evidence presented by the petitioner established that the appellant struck Lemar not merely once, but on numerous occasions (see Matter of Sheneika V., 20 AD3d 541 [2005]; Matter of Anthony C., 201 AD2d 342 [1994]). Moreover, Lemar's out-of-court statements that the appellant hit him "a lot" were sufficiently corroborated by the testimony of a New York City Police Detective and a case worker who interviewed him, as well as by photographs of scars and other marks on his body and his hospital records (see Matter of Dareth O., 304 AD2d 667 [2003]; Matter of Commissioner of Social Servs. v Lorenzo M., 239 AD2d 498 [1997]; Matter of Commissioner of Social Servs. of City of N.Y. v Evelyn R., 217 AD2d 697 [1995]).

The Family Court properly found that the child Kemmar H. was derivatively neglected (see Matter of John N., 19 AD3d 497 [2005]; Matter of Christina Maria C., 89 AD2d 855 [1982]).

"The paramount concern in a dispositional hearing is the best interests of the child" (Matter of Commissioner of Social Servs. of City of N.Y. v Leona W., 192 AD2d 602, 603 [1993]; see Matter of Stephanie Jane S., 303 AD2d 412 [2003]). The factors to be considered in making the determination include the parent or caretaker's "capacity to properly supervise the child, based on current information" and "the potential threat of future abuse and neglect" (Matter of Commissioner of Social Servs. of City of N.Y. v Leona W., supra at 603-604). The Family Court's determination "is entitled to great deference, since it had the advantage of viewing the witnesses and assessing their character and credibility" (Matter of Dominique W., 9 AD3d 368, 369 [2004]).

A review of the record indicates that, despite the appellant's successful completion of Family Court ordered parenting skills and anger management classes and the evidence of his efforts to arrange a suitable living situation for the children, it is in the

children's best interests that they remain with their maternal grandmother, with whom they were placed by the Administration for Children's Services of the City of New York. H. Miller, J.P., Krausman, Rivera and Dillon, JJ., concur.