■ In the Matter of Issiah C. Suffolk County Department of Social Services, Respondent; Michael L., Appellant. [805 NYS2d 422]—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Spinner, J.), dated June 25, 2004, which, after a hearing, determined that he neglected the subject child Issiah C., and placed that child in the custody of his maternal grandfather, with supervision by the petitioner until December 24, 2004.

Ordered that the appeal from so much of the order of fact-finding and disposition as placed the subject child Issiah C. in the custody of his maternal grandfather, with supervision by the petitioner until December 24, 2004, is dismissed as academic, without costs or disbursements, as the period of placement has expired (*see Matter of Sheneika V.*, 20 AD3d 541, 542 [2005]; *Matter of Zakrya M.*, 18 AD3d 754 [2005]); and it is further,

Ordered that the order of fact-finding and disposition is affirmed insofar as reviewed, without costs or disbursements.

Although the dispositional provision of the order of fact-finding and disposition has expired, the adjudication of neglect constitutes a permanent and significant stigma. Moreover, the finding of neglect might indirectly affect the appellant's status in potential future proceedings. Therefore, the appeal from so much of the order of fact-finding and disposition as found that the subject child Issiah C. was neglected is not academic (*see Matter of Commissioner of Social Servs. v Vincent D. II*, 232 AD2d 410, 411 [1996]; *Matter of H. Children*, 156 AD2d 520 [1989]).

Contrary to the appellant's contention, the finding that Issiah C. was neglected based on the appellant's drug use was supported by a preponderance of the evidence (*see Matter of Nassau County Dept. of Social Servs. v Denise J.,* 206 AD2d 372 [1994], *affd* 87 NY2d 73 [1995]).

The appellant's remaining contention is without merit. Crane, J.P., Mastro, Fisher and Lunn, JJ., concur.