■ In the Matter of CANTINA B., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES OF CITY OF NEW YORK, Appellant; SHOSHANNAH M., Respondent; KERWIN B., Respondent. [809 NYS2d 539]—

In a neglect proceeding pursuant to Family Court Act article 10, the petitioner appeals, as limited by its brief, from so much of an order of the Family Court, Kings County (Elkins, J.), dated April 13, 2005, as, after a fact-finding hearing, dismissed the petition insofar as asserted against the father.

Ordered that the order is reversed insofar as appealed from, on the law, without costs or disbursements, the petition is reinstated insofar as asserted against the father, a finding of neglect is made against the father, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing.

Under the circumstances herein, the petitioner was required to show by a preponderance of the evidence that the father neglected the child because he knew or should have known of the mother's admitted and corroborated cocaine use during her pregnancy with the child (*see* Family Ct Act § 1012 [f] [i] [B]; *Matter of Kanika M.*, 270 AD2d 490 [2000]; *Matter of K. Children*, 253 AD2d 764 [1998]; *Matter of Jose Y.*, 177 AD2d 580 [1991]). The Family Court failed to providently exercise its

discretion because, despite the father's statement to a caseworker that he had no knowledge of the mother's cocaine use during her pregnancy with the subject child, the father's failure to appear in court or provide any testimony warranted "the strongest inference against [the father] that the opposing evidence in the record permit[ted]" (*Matter of Commissioner of Social Servs. v Philip De G.*, 59 NY2d 137, 141 [1983]; *see Matter of Nassau County Dept. of Social Servs. v Denise J.*, 87 NY2d 73; *Matter of LeVonn G.*, 20 AD3d 530 [2005]), namely that the father knew of the mother's drug use and failed to "exercise a minimum degree of care" to ensure that the mother did not use drugs during her pregnancy (Family Ct Act § 1012 [f] [i] [B]; *see also Matter of Kanika M., supra; Matter of K. Children, supra; Matter of Jose Y., supra*). Accordingly, the petitioner established by a preponderance of evidence that the father was guilty of neglect, and we remit the matter to the Family Court, Kings County, for a dispositional hearing. Schmidt, J.P., Krausman, Luciano and Covello, JJ., concur.