■ In the Matter of IFEIYE O. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; ELIZABETH O., Appellant. [861 NYS2d 133]—

In child protective proceeding pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Queens County (Salinitro, J.), dated April 12, 2006, which, upon a fact-finding order of the same court dated April 8, 2005, made after a hearing, finding that she had neglected the subject child as a result of her mental illness, placed the child in the custody of the Commissioner of Social Services of the City of New York through the next permanency hearing. The appeal brings up for review the fact-finding order dated April 8, 2005.

Ordered that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York through the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York through the next permanency hearing must be dismissed as academic, as the period of placement has already expired (*see Matter of Jason Brian B.,* 33 AD3d 995 [2006]). However, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the appellant's status in future proceedings. Therefore, the appeal

from the portion of the order of disposition which brings up for review the finding of neglect is not academic (id.).

Contrary to the mother's contention, the petitioner established a prima facie case of neglect with respect to the subject child (see Family Ct Act § 1012 [f] [i]). The evidence established that the mother had a history of ongoing psychiatric problems and was unable to properly and adequately care for her child, then and in the foreseeable future, by reason of mental illness, including schizophrenia. The evidence also established that, due to her disorder, the mother had an inability to act in accordance with her child's needs. The expert psychiatrist also opined that due to the nature of the mother's condition and her denial of such condition, as well as her denial of her child's special needs, the child would be at risk in the future if returned to the mother's care. The finding of neglect was supported by a preponderance of the evidence (see Matter of Jason Brian B., 33 AD3d 995 [2006]; Matter of Giselle H., 22 AD3d 578 [2005]; see also Matter of Ayodele Ademoli J., 45 AD3d 686 [2007]).

The mother's remaining contentions are without merit. Rivera, J.P., Lifson, Florio and Chambers, JJ., concur.