■ In the Matter of CARLENA B., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIEL FOSTER B., Appellant. (Proceeding No. 1.) In the Matter of DAMIEN M., a Child Alleged to be Neglected. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; DANIEL FOSTER B., Appellant. (Proceeding No. 2.) [877 NYS2d 197]—

In two related child protective proceedings pursuant to Family Court Act article 10, Daniel Foster B. appeals from an order of fact-finding and disposition of the Family Court, Nassau County (Marks, J.), dated March 5, 2008, which, after a hearing, inter alia, found that he neglected Carlena B. and, in effect, that he derivatively neglected Damien M., and, among other things, prohibited him from any contact with Carlena B. until he completed substance abuse treatment.

Ordered that the order is affirmed, without costs or disbursements.

The Family Court's findings that the father neglected his infant daughter, Carlena B., were supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]; *Matter of Issiah C.,* 24 AD3d 438 [2005]). The evidence established, inter alia, that the father knew or should have known of the mother's drug use and "failed to exercise a minimum degree of care in ensuring that the mother did not abuse drugs during the pregnancy" (*Matter of K. Children,* 253 AD2d 764, 765 [1998]). The evidence further established that the father himself was a substance abuser (*see Matter of Issiah C.,* 24 AD3d 438 [2005]), and that he failed to avail himself of drug rehabilitation therapy at the direction of the Nassau County Department of Social Services (*see Matter of Kareem C.,* 253 AD3d 708 [1998]).

The Family Court properly, in effect, found that the older child, Damien M., was derivatively neglected (*see* Family Ct Act § 1046 [a] [i]; *Matter of K. Children,* 253 AD2d at 765; *see also Matter of Lemar H.,* 23 AD3d 383 [2005]).

The order of disposition, which required the father to complete substance abuse treatment before resuming contact with Carlena B., was in the best interests of Carlena B. (*see Matter of Enrique T. v Annamarie M.,* 15 AD3d 310 [2005]; *Matter of Tanya T.,* 252 AD2d 677 [1998]). Mastro, J.P., Dillon, Leventhal and Chambers, JJ., concur.