■ In the Matter of TYLASIA B., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WAYNE B. Appellant. (Proceeding No. 1.) In the Matter of WAYNE B., JR., a Child Alleged to be Neglected. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; WAYNE B., Appellant. (Proceeding No. 2.) [901 NYS2d 84]—

In two related child protective proceedings pursuant to Family Court Act article 10, Wayne B. appeals from an order of fact-finding and disposition of the Family Court, Suffolk County (Tarantino, Jr., J.), dated April 8, 2009, which, after, inter alia, a fact-finding hearing, found that he neglected Tylasia B. and, in

effect, derivatively neglected Wayne B., Jr., and, among other things, directed him to enter a substance abuse program and undergo drug testing.

Ordered that the order is affirmed, without costs or distributions.

To establish neglect in a child protective proceeding, the petitioner must show "first, that a child's physical, mental, or emotional condition has been impaired or is in imminent danger of becoming impaired and second, that the actual or threatened harm to the child is a consequence of the failure of the parent or caretaker to exercise a minimum degree of care in providing the child with proper supervision or guardianship" (*Matter of Tajani B.*, 49 AD3d 874, 875 [2008] [internal quotation marks omitted]; *see Nicholson v Scoppetta*, 3 NY3d 357, 368 [2004]; *Matter of Lester M.*, 44 AD3d 944 [2007]; *Matter of Dimitriy R.*, 39 AD3d 866 [2007]; Family Ct Act § 1012 [f]). In the instant case, the Family Court's finding that the father neglected his eight-year-old daughter, Tylasia B., was supported by a preponderance of the evidence (*see* Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]). The nonhearsay evidence presented at the fact-finding hearing was sufficient to establish that the father allowed Tylasia B. to ride in a car driven by her mother when he knew or should have known that the mother was intoxicated (*see e.g. Matter of Carlena B.*, 61 AD3d 752 [2009]; *Matter of Lester M.*, 44 AD3d 944 [2007]; *Matter of Miyani M.*, 4 AD3d 430 [2004]; *Matter of Kanika M.*, 270 AD2d 490 [2000]; *Matter of K. Children*, 253 AD2d 764 [1998]; *Matter of R.W. Children*, 240 AD2d 207 [1997]). In addition, following the fact-finding hearing, the father admitted to ongoing substance abuse (*see Matter of Issiah C.*, 24 AD3d 438 [2005]).

Since the evidence of neglect as to Tylasia B. demonstrated such an impaired level of parental judgment as to create a substantial risk of harm for other children in the father's care, the Family Court properly, in effect, found that the other child, Wayne B., Jr., was derivatively neglected (*see* Family Ct Act § 1046 [a] [i]; *Matter of Carlena B.*, 61 AD3d at 752; *Matter of Dutchess County Dept. of Social Servs. [Noreen K.]*, 242 AD2d 533, 534 [1997]). The requirement that the father enter a substance abuse program and undergo drug testing was in the best interests of the children (*see Matter of Carlena B.*, 61 AD3d at 752; *Matter of Commissioner of Social Servs. of City of N.Y. v Leona W.*, 192 AD2d 602, 603 [1993]).

The father's remaining contention is without merit (*see Matter of James HH.*, 234 AD2d 783, 785 [1996]). Skelos, J.P., Austin, Roman and Sgroi, JJ., concur.