■ In the Matter of EMANUEL Q., a Child Alleged to be Neglected. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LUIS M., Appellant. [900 NYS2d 889]—In a child protective proceeding pursuant to Family Court Act article 10, the father appeals from (1) a fact-finding order of the Family Court, Kings County (Lim, J.), dated May 4, 2009, which, after a hearing, found that he neglected the subject child, and (2) an order of disposition of the same court, also dated May 4, 2009, which, upon the fact-finding order, and after a hearing, placed the child with the Commissioner of Social Services of the City of New York through the next permanency hearing.

Ordered that the appeal from the fact-finding order is dismissed, without costs or disbursements, as the fact-finding order was superseded by the order of disposition and is brought up for review on the appeal from the order of disposition; and it is further,

Ordered that the appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York through the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the child in the custody of the Commissioner of Social Services of the City of New York through the next permanency hearing must be dismissed as academic, as the period of placement has expired (*see Matter of Ifeiye O.*, 53 AD3d 501 [2008]). However, the appeal from the portion of the order of disposition which brings up for review the finding of neglect is not academic (*id.*).

Contrary to the father's contention, the Family Court's finding of neglect against him was supported by the requisite

preponderance of the evidence (*see* Family Ct Act § 1046 [b]; § 1012 [f] [i]; *Matter of Madison H.*, 66 AD3d 898 [2009]; *Matter of Dimitriy R.*, 39 AD3d 866 [2007]). Prudenti, P.J., Angiolillo, Balkin and Chambers, JJ., concur.