■ In the Matter of Niviya K., an Infant. Administration for Children's Services, Respondent; Alfonzo M., Appellant. [933 NYS2d 356]—

The appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of Social Services until the completion of the first subsequent perma-

nency hearing, held on July 18, 2011, must be dismissed as academic, as the period of placement has already expired (see Matter of Ifeiye O., 53 AD3d 501 [2008]). However, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the father's status in future proceedings. Therefore, the appeal from the portion of the order of disposition which brings up for review the finding of neglect is not academic (id.).

The Family Court's determination that the father neglected his infant daughter was supported by a preponderance of the evidence (see Family Ct Act § 1012 [f] [i] [B]; § 1046 [b] [i]). The evidence established, inter alia, that the father knew of the mother's drug use and failed to exercise a minimum degree of care to ensure that the mother did not abuse drugs during her pregnancy (see Matter of Carlena B., 61 AD3d 752 [2009]; Matter of K. Children, 253 AD2d 764 [1998]; cf. Matter of Cantina B., 26 AD3d 327 [2006]). Accordingly, the Family Court properly determined that the father neglected the child. Angiolillo, J.P., Hall, Austin and Miller, JJ., concur.