■ In the Matter of STEVIE R., a Child Alleged to be a Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; ARVIN R., Appellant. (Proceeding No. 1.) In the Matter of JEFFREY EE. and Another, Children Alleged to be Neglected. CORTLAND COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; CATHERINE EE., Appellant. (Proceeding No. 2.) [947 NYS2d 832]—

Spain, J.

Respondent Catherine EE. (hereinafter the mother) and her live-in boyfriend, respondent Arvin R. (hereinafter the father), are the parents of a daughter, Stevie R. (born in 2010). The mother also has a son, Jeffrey EE. (born in 2002). Shortly after the birth of the daughter, petitioner received a hotline report that the mother, at the time of the birth, tested positive for drugs. The children were removed and temporarily placed in the care and custody of the maternal grandmother, and petitioner filed neglect petitions against respondents. Following a hearing at which the mother testified but the father did not, Family Court found both children to be neglected by the mother and the daughter neglected by the father. Respondents waived

their rights to a dispositional hearing and consented to a service plan under which the children would remain in the custody of the grandmother with respondents afforded liberal supervised parenting time. Respondents now appeal from the findings of neglect.

To establish neglect, petitioner must prove by a preponderance of the evidence that a child's physical, mental or emotional condition was harmed or is in imminent danger of harm as a result of a failure on the part of the parent to exercise a minimum degree of care (see Family Ct Act § 1012 [f] [i] [B]; *Matter of Imena V. [Dia V.]*, 91 AD3d 1067, 1069 [2012], *lv denied* 19 NY3d 807 [2012]; *Matter of Joseph RR. [Lynn TT.]*, 86 AD3d 723, 724 [2011]). Here, the record demonstrates that the mother, who had a long history of serious drug abuse and who failed to successfully complete drug treatment, tested positive for opiates and amphetamines at the time of the birth of the daughter; nevertheless, she adamantly denied using drugs and offered implausible explanations for the positive drug tests. Also, prior to the daughter's birth, the mother failed to submit to a drug and alcohol evaluation recommended by petitioner, which she had agreed to complete. As a result of such failure, the mother lost her medical insurance coverage, prompting her to discontinue prenatal care during her pregnancy. According deference to Family Court's credibility determinations, the court's finding of neglect of the daughter by the mother is supported by a sound and substantial basis in the record (see *Matter of Chassidy CC. [Andrew CC.]*, 84 AD3d 1448, 1450 [2011]; *Matter of Dakota CC. [Arthur CC.]*, 78 AD3d 1430, 1431 [2010]). With regard to the son, the record reflects that he lived with the mother during her pregnancy and was therefore also at risk. Accordingly, we find adequate support in the record for Family Court's finding of neglect with respect to the son.

The record also supports the finding of neglect of the daughter by the father. A child may be adjudicated to be neglected where a parent " 'knew or should have known of circumstances which required action in order to avoid actual or potential impairment of the child' and failed to act accordingly" (*Matter of Mary MM.*, 38 AD3d 956, 957 [2007], quoting *Matter of Alaina E [Melinda E.]*, 33 AD3d 1084, 1086 [2006]). Initially, the father's failure to testify warranted the strongest inference against him (see *Matter of Kimberly Z. [Jason Z.]*, 88 AD3d 1181, 1184-1185 [2011]; *Matter of Cantina B.*, 26 AD3d 327, 328 [2006]). Given that he lived with the mother during her pregnancy, we find ample support for Family Court's conclusion that he knew or should have known about her drug use during

the pregnancy and her discontinuance of her prenatal care and "failed to exercise a minimum degree of care to ensure that the mother did not abuse drugs during her pregnancy" (*Matter of Niviya K. [Alfonzo M.]*, 89 AD3d 1027, 1028 [2011]; *see Matter of Kimberly Z. [Jason Z.]*, 88 AD3d at 1184-1185; *Matter of Kanika M.*, 270 AD2d 490, 490 [2000]; *Matter of R.W. Children*, 240 AD2d 207, 207 [1997], *lv denied* 90 NY2d 807 [1997]).

Peters, P.J., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.