In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals, and the father separately appeals, as limited by their briefs, from so much of an order of disposition of the Family Court, Queens County (Richroath, J.), dated July 13, 2011, as, upon a decision of the same court dated June 15, 2011, in effect, denied their separate motions for a suspended judgment pursuant to Family Court Act § 1053.
Ordered that the order of disposition is reversed insofar as appealed from, on the facts and in the exercise of discretion, without costs or disbursements, the separate motions for a suspended judgment pursuant to Family Court Act § 1053 are granted, and the matter is remitted to the Family Court, Queens County, for further proceedings consistent herewith.
The petitioner commenced this proceeding alleging that the appellants, who attended medical school in China before emigrating to the United States in 2003, abused and neglected their second child, born on October 27, 2008. The petition alleged that on or about May 7, 2009, the subject child was presented to Elmhurst Hospital with a “left fronto-parietal subdural hematoma and a few bilateral retinal hemorrhages,” and that the mother informed medical personnel at Elmurst Hospital that the child had sustained these injuries by falling *647 off a bed. The petition further alleged that on July 2, 2009, Dr. Mark M. Souweidane, a pediatric neurosurgeon at Weill Cornell Medical Center, informed the petitioner that the child’s injuries were not consistent with the explanation provided by the mother.
After the petition was filed, the Family Court ordered the temporary removal of the child from the appellants’ residence pursuant to Family Court Act § 1022. After a hearing, the Family Court denied the appellants’ application pursuant to Family Court Act § 1028 to have the child returned to their custody. On June 14, 2010, the appellants consented to a finding of abuse as to the mother and neglect as to the father; during a conference the Family Court agreed to consider a suspended judgment pursuant to Family Court Act § 1053.
The appellants then made separate motions for a suspended judgment pursuant to Family Court Act § 1053. In support of their motions they submitted letters from three doctors who treated the subject child after his alleged fall from his bed, all of whom stated that, based on their examination of the child and their interactions with the appellants, they did not believe that the child’s injuries resulted from abuse. The appellants also submitted a letter from Dr. Mark S. Diaz, a Professor of Neurosurgery at the Penn State University School of Medicine and the Director of Pediatric Neurosurgery at the Penn State Milton S. Hershey Medical Center, who reviewed the subject child’s medical records and opined that the subject child had a condition called benign external hydrocephalus, which rendered him susceptible to subdural bleeding from minor trauma, such as a fall from a bed. Dr. Diaz opined that there was “absolutely no necessity to conclude in this case that there was evidence of abusive head trauma.” Finally, the appellants submitted a letter from Dr. Souweidane, who stated that he had reviewed the letter submitted by Dr. Diaz and agreed that the subject child may have suffered from benign external hydrocephalus, though he noted that the condition was impossible to document without image studies from before the accident.
In an order of disposition dated July 13, 2011, the Family Court, upon a decision dated June 15, 2011, in effect, denied the appellants’ separate motions for a suspended judgment and, pursuant to Family Court Act § 1054, released the subject child to their custody under the supervision of the petitioner for a period of 12 months. The appeal is from so much of the order of disposition as, in effect, denied the appellants’ separate motions for a suspended judgment.
A suspended judgment is one of the permissible dispositions *648 in a child protective proceeding pursuant to Family Court Act article 10 (see Family Ct Act §§ 1052 [a] [i]; 1053). Judgment may be suspended for up to one year, or up to two years under “exceptional circumstances” (Family Ct Act § 1053 [b]), during which time the parents must comply with terms and conditions that relate to the adjudicated acts or omissions of the parents which led to the finding of abuse or neglect (see Family Ct Act § 1053 [a], [b]; 22 NYCRR 205.83 [a]). If the terms and conditions are complied with, the petition is dismissed at the conclusion of the suspended judgment period, despite the fact that a finding of neglect or abuse has been made (see Merril Sobie, Practice Commentaries, McKinney’s Cons Laws of NY, Book 29A, Family Ct Act § 1053 at 57).
“The paramount concern in a dispositional hearing is the best interests of the child. The factors to be considered in making the determination include the parent or caretaker’s capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect” (Matter of Lemar H., 23 AD3d 383, 384 [2005] [citations and internal quotation marks omitted]).
Here, it is undisputed that the appellants had no prior criminal or child protective history, and that the appellants had complied with all court-ordered services. Under the circumstances, we agree with the appellants and the attorney for the child that a suspended judgment would be in the child’s best interests. Accordingly, we reverse the order of disposition insofar as appealed from, grant the appellants’ separate motions for a suspended judgment pursuant to Family Court Act § 1053, and remit the matter to the Family Court, Queens County, for further dispositional proceedings, namely, the entry of a suspended judgment, the duration and conditions of which shall be determined by the Family Court. Skelos, J.E, Florio, Lott and Miller, JJ., concur.