*994 The Family Court’s determination that the father neglected the subject child was supported by a preponderance of the evidence (see Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The evidence established, inter alia, that the father knew or should have known of the mother’s drug use and failed to exercise a minimum degree of care to ensure that the mother did not abuse drugs during her pregnancy (see Matter of Niviya K. [Alfonzo M.], 89 AD3d 1027, 1028 [2011]; Matter of Carlena B., 61 AD3d 752, 752 [2009]; Matter of Cantina B., 26 AD3d 327, 327-328 [2006]; Matter of Kanika M., 270 AD2d 490, 490 [2000]; Matter of K. Children, 253 AD2d 764, 765 [1998]). The evidence further established that the father himself was a substance abuser (see Matter of Carlena B., 61 AD3d at 752).
Accordingly, the Family Court properly determined that the father neglected the child. Skelos, J.P., Balkin, Dickerson and Hinds-Radix, JJ., concur.