■ In the Matter of SALVATORE M. SUFFOLK COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; NICOLE M., Appellant. [961 NYS2d 292]—

In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from (1) an order of the Family Court, Suffolk County (Loguercio, J.), dated November 18, 2011, which, after a fact-finding hearing, found that she had neglected the subject child, and (2) an order of disposition of the same court dated December 22, 2011, which, after a dispositional hearing, inter alia, directed her to obtain a mental health evaluation and follow the recommended treatment.

Ordered that the orders are affirmed, without costs or disbursements.

The Family Court's determination that the mother neglected the child is supported by a preponderance of the credible evidence (*see* Family Ct Act §§ 1012 [f] [i] [B]; 1046 [b] [i]). The evidence offered at the hearing established that the mother made repeated unfounded allegations of abuse against the father, resulting in the child undergoing multiple medical examinations and being interviewed by police officers and caseworkers. On certain occasions, the mother also withheld visitation from the father. After the child was removed from the mother's care, she continued to relentlessly scrutinize the child for signs of abuse during her supervised visitations with the child. Contrary to the mother's contentions, her actions were not those of a reasonable and prudent parent (*see Matter of Afton C. [James C.],* 17 NY3d 1, 9 [2011]; *Nicholson v Scoppetta,* 3 NY3d 357, 370 [2004]). The mother failed to exercise a minimum degree of care in providing the child with proper supervision or guardianship (*see Nicholson v Scoppetta,* 3 NY3d at 370; *Matter of Kevin M.H. [Kenneth H.],* 76 AD3d 1015 [2010]; *Matter of Morgan P.,* 60

AD3d 1362 [2009]; *Matter of Daniel D.*, 57 AD3d 444 [2008]; *Matter of Andrew B.*, 49 AD3d 638 [2008]; *Matter of Ramazan U.*, 303 AD2d 516, 517 [2003]).

The order of disposition, which required the mother to undergo a mental health evaluation, was in the best interests of the child (*see Matter of Carlena B.*, 61 AD3d 752 [2009]; *Matter of Lemar H.*, 23 AD3d 383, 384 [2005]). Dillon, J.P., Angiolillo, Leventhal and Sgroi, JJ., concur.