■ In the Matter of ALEXANDRIA M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MATTIE M., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of MADISON M. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MATTIE M., Appellant, et al., Respondent. (Proceeding No. 2.) In the Matter of TYRESE A.B. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; MATTIE M., Appellant, et al., Respondent. (Proceeding No. 3.) [967 NYS2d 836]—

In three related child protective proceedings pursuant to Family Court Act article 10, the grandmother appeals, as limited by her brief, from so much of an order of disposition of the Family Court, Queens County (McGowan, J.), dated December 16, 2011, as, upon a fact-finding order of the same court dated November 4, 2011, entered upon her failure to appear at the fact-finding hearing, finding that she neglected the children Alexandria M. and Madison M., placed them in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing.

Ordered that the appeal is dismissed, without costs or disbursements.

The appeal from so much of the order of disposition as placed the children in the custody of the Commissioner of Social Services of the City of New York until the next permanency hear-

ing must be dismissed as academic, as the period of placement has already expired (*see Matter of Najad D. [Kiswana M.],* 99 AD3d 707, 708 [2012]; *Matter of Niviya K. [Alfonzo M.],* 89 AD3d 1027 [2011]; *Matter of Nyia L. [Egipcia E.C.],* 88 AD3d 882 [2011]; *Matter of Emanuel Q. [Luis M.],* 73 AD3d 1181 [2010]; *Matter of Ifeiye O.,* 53 AD3d 501 [2008]). Generally, this would not preclude review of the fact-finding order (*see Matter of Najad D. [Kiswana M.],* 99 AD3d at 708; *Matter of Niviya K. [Alfonzo M.],* 89 AD3d at 1027; *Matter of Nyia L.,* 88 AD3d at 882; *Matter of Emanuel Q.,* 73 AD3d at 1181; *Matter of Ifeiye O.,* 53 AD3d at 501). However, the fact-finding order was entered upon the grandmother's failure to appear at the fact-finding hearing (*see Matter of Miguel M.-R.B.,* 36 AD3d 613 [2007]; *Matter of Eddie J.,* 273 AD2d 239 [2000]; *Matter of Vanessa M.,* 263 AD2d 542 [1999]; *Matter of Ashlee X.,* 244 AD2d 707 [1997]). Thus, the finding of neglect cannot be reviewed since no appeal lies from an order that is entered on the default of the appealing party (*see* CPLR 5511; *Matter of Eddie J.,* 273 AD2d 239 [2000]; *Matter of Chavi S.,* 269 AD2d 454 [2000]). Accordingly, the entire appeal must be dismissed (*see Matter of Eddie J.,* 303 AD2d 587 [2003]; *Matter of Chavi S.,* 269 AD2d 454 [2000]). Mastro, J.P., Balkin, Hall and Austin, JJ., concur.