In a child neglect proceeding pursuant to Family Court Act article 10, the petitioner appeals from an order of fact finding and disposition of the Family Court, Kings County (O’Shea, J), dated June 14, 2013, which, after a fact-finding hearing, found that the parents did not neglect the subject child and dismissed the petition.
Ordered that the order is reversed, on the facts, without costs or disbursements, the petition is reinstated, it is determined that the parents, Danette B. and Derrick L., neglected the subject child, and the matter is remitted to the Family Court, Kings County, for a dispositional hearing and a new disposition thereafter.
Following a prior neglect adjudication in 2008 in relation to the mother’s three older children based, among other things, on the mother’s abuse of marijuana, the Commissioner of the Administration for Children’s Services of the City of New York (hereinafter the petitioner) filed a neglect petition against the mother in relation to the subject child, who was born in October 2012, alleging that the mother continued to abuse marijuana, and against the father, alleging that he failed to take adequate steps to protect the subject child from the mother’s abuse of marijuana during her pregnancy. After a fact-finding hearing, the Family Court found that the petitioner had not made out a prima facie case of neglect against the mother or the father, and dismissed the petition.
The evidence established that the mother failed to comply with certain terms of a prior order, including that she refrain from drug use, successfully complete a drug rehabilitation program, and be evaluated by a mental health services provider. Specifically, the mother repeatedly tested positive for marijuana use while she was pregnant with the subject child, and she tested positive for marijuana when the child was born. Moreover, the mother ultimately was discharged from a rehabilitation program because of her noncompliance and failure to reach *1047 treatment goals. The mother’s continued abuse of marijuana and failure to regularly attend the drug rehabiliation program evinced a fundamental defect in her understanding of the duties of parenthood (see Matter of Amber C., 38 AD3d 538, 540-541 [2007]). Accordingly, the evidence established a prima facie case of neglect (see Family Ct Act § 1012 [¶] [i] [B]), and the petitioner was not required to establish either actual impairment of the child’s physical, mental, or emotional condition, or a specific risk of impairment (see Matter of Darrell W. [Tenika C.], 110 AD3d 1088, 1089 [2013]; Matter of Audrey K. [Erik K.], 108 AD3d 717, 717 [2013]; Matter of Sadiq H. [Karl H.], 81 AD3d 647, 647 [2011]). Additionally, the mother’s failure to appear at the fact-finding hearing permitted the Family Court to draw a strong negative inference against her (see Matter of Alanah M. [Donnie M.], 96 AD3d 757, 758 [2012]). Accordingly, the evidence adduced at the fact-finding hearing, coupled with that negative inference, established by a preponderance of the evidence that the mother neglected the subject child (see Matter of Cantina B., 26 AD3d 327, 328 [2006]).
The petitioner also established by a preponderance of the evidence that the father neglected the subject child. Despite his knowledge that the mother continued to abuse marijuana during her pregnancy, he failed to exercise a minimum degree of care to protect the child (see Matter of Kierra C. [Kevin C.], 101 AD3d 993, 994 [2012]; Matter of Niviya K. [Alfonzo M.], 89 AD3d 1027, 1028 [2011]; Matter of Carlena B., 61 AD3d 752 [2009]). Moreover, the father’s failure to appear at the fact-finding hearing permitted a strong negative inference against him (see Matter of Alanah M. [Donnie M.], 96 AD3d at 758; Matter of Cantina B., 26 AD3d at 328).
Accordingly, we remit the matter to the Family Court, Kings County, for a dispositional hearing and a new disposition thereafter. Balkin, J.E, Dickerson, Chambers and Hall, JJ., concur.