■ In the Matter of ADRIEL R. ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; DAVID P., Appellant. [985 NYS2d 592]—

In a child protective proceeding pursuant to Family Court Act article 10, the father appeals (1) from an order of disposition of the Family Court, Queens County (McGowan, J.), dated May 3, 2013, which, upon an order of fact-finding of the same court dated February 26, 2013, granting the petitioner's motion for summary judgment on the issue of derivative abuse and thereupon finding that the father derivatively abused the subject child, inter alia, placed the subject child in the custody of the Commissioner of the New York City Department of Social Services until the completion of the next permanency hearing, and (2) from an order of protection of the same court dated May 9, 2013, which directed him to stay away from the subject child until and including May 3, 2014. The appeal from the order of disposition brings up for review the order of fact-finding dated February 26, 2013.

Ordered that the appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of the New York City Department of Social Services until the completion of the next permanency hearing is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order of disposition is affirmed insofar as reviewed, without costs or disbursements; and it is further,

Ordered that the appeal from the order of protection is dismissed as academic, without costs or disbursements.

The order of protection expired by its own terms on May 3, 2014, and the determination of the appeal from that order of protection would, under the facts of this case, have no direct effect upon the parties (*see Matter of Max F. [Emma F.-G.]*, 97 AD3d 816, 817 [2012]; *Matter of Claudia G. [Ermelio G.]*, 71 AD3d 894, 895 [2010]; *Matter of Brittany C. [Linda C.]*, 67 AD3d 788, 789-790 [2009]). Accordingly, the appeal from the order of protection must be dismissed as academic.

The appeal from so much of the order of disposition as placed the subject child in the custody of the Commissioner of the New York City Department of Social Services until the next permanency hearing must be dismissed as academic, as the period of placement has expired (*see Matter of Emanuel Q. [Luis M.]*, 73 AD3d 1181 [2010]; *Matter of Ifeiye O.*, 53 AD3d 501 [2008]). However, the appeal from the portion of the order of disposition which brings up for review the finding of derivative abuse is not academic (*see Matter of Emanuel Q. [Luis M.]*, 73 AD3d at 1181).

Here, the Family Court properly granted the petitioner's motion for summary judgment on the issue of whether the father derivatively abused the subject child. The petitioner met its prima facie burden by demonstrating that the father previously pleaded guilty to attempted sexual misconduct, and was convicted of endangering the welfare of a child in connection with allegations concerning two of his daughters. In addition, the father was previously found by the Family Court to have sexually abused one of his daughters, to have neglected another one of his daughters, and to have derivatively neglected two of his other children. These acts "established a fundamental defect in the father's understanding of his parental duties relating to the care of children and demonstrated that his impulse control was so defective as to create a substantial risk of harm to any child in his care" (*Matter of Angelica M. [Nugene A.]*, 107 AD3d 803, 804-805 [2013]; *see Matter of Leon K. [Marilyn O.]*, 69 AD3d 856 [2010]). In opposition to the petitioner's prima facie showing, the father failed to raise a triable issue of fact.

The father's remaining contention is without merit. Balkin, J.P., Dickerson, Leventhal and Roman, JJ., concur.