Matter of Jensli C. (Orlenis C.) (2020 NY Slip Op 02162)





Matter of Jensli C. (Orlenis C.)


2020 NY Slip Op 02162


Decided on April 2, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 2, 2020

Gische, J.P., Gesmer, Oing, Moulton, JJ.


11325 -71/16

[*1]In re Jensli C., and Others, Dependent Children Under the Age of Eighteen Years, etc., Orlenis C., Respondent-Appellant, Administration for Children's Services, Petitioner-Respondent.


Law Offices of Randall S. Carmel, Jericho (Randall S. Carmel of counsel), for appellant.
James E. Johnson, Corporation Counsel, New York (Lorenzo DiSilvio of counsel), for respondent.
Dawne A. Mitchell, The Legal Aid Society, New York (Susan Clement of counsel), attorney for the children.



Order of disposition, Family Court, Bronx County (Elenor C. Reid, J.), entered on or about August 31, 2018, which, to the extent appealed from as limited by the briefs, denied respondent mother's application for a suspended judgment, unanimously affirmed, without costs.
The court providently exercised its discretion in denying the mother's motion for a suspended judgment (see Matter of Sophia W. [Tiffany P.], 176 AD3d 723 [2019]; cf. Matter of Leenasia C. [Lamarriea C.], 154 AD3d 1, 6 [1st Dept 2017]). The mother's youngest child suffered severe and unexplained injuries, and the record provides ample support, including, but not limited to the mother's refusal to draw logical inferences regarding the cause of those injuries, for the court's determinations. For example, the mother stated her belief that she could "co-parent" with the child's father, despite the fact that he had repeatedly perpetrated violence against the mother (see William S. v Tynia C., 283 AD2d 327, 327 [1st Dept 2001]). Best interest analysis, which requires consideration of a parent's ability to supervise a child and eliminate any threat of future abuse or neglect, supports the court's exercise of discretion to decline to grant a suspended judgment in these circumstances (Matter of Marie Annette M., 23 AD3d 167, 169 [1st Dept 2005]; Matter of Lemar H., 23 AD3d 383 [2d Dept 2005]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 2, 2020
CLERK