■ In the Matter of the T. D. Children, Alleged to be
Neglected. Gary D. et al., Respondents; Lenore Gittis, Appel-
lant.—Orders of the Family Court, New York County (Mary E.
Bednar, J.), entered on April 4, 1989, granting a child neglect
petition with respect to Marsheen D. but dismissing derivative
neglect petitions filed on behalf of the sibling children Mikelle
T. and Kinta D., are unanimously reversed, to the extent
appealed from, on the law and the facts, the petitions pertain-

ing to Mikelle T. and Kinta D. granted, and the matter remanded for a dispositional hearing, without costs.

Following the default of the respondent father, Gary D., the court properly found that Marsheen, the oldest of respondent's three children, was a neglected child. This eight-year-old boy had been seriously injured in an elevator accident. After extensive surgery and rehabilitation, he was returned to respondent's custody. There was proof that respondent failed to provide any of the necessary follow-up rehabilitation required for the child, and refused any home care assistance. Furthermore, it appeared that Marsheen was not attending school.

Under Family Court Act § 1046 (a) (i) proof of the neglect of one child "shall be admissible evidence on the issue of the abuse or neglect of any other child of, or the legal responsibility of, the respondent". Wholly apart from the operation of this evidentiary inference, there was independent evidence that respondent had neglected his two younger children. Upon two occasions when a social worker visited respondent's home, Kinta, then age 7, was discovered at home instead of at school. Both children complained of being hungry and inadequately fed. In a child protective proceeding, it is the function of the court to determine not only whether neglect or abuse exists, but whether such conditions are likely to exist (Matter of "Baby Boy" Santos, 71 Misc 2d 789, 791). There was thus a clear basis here for a determination that the two younger children were also neglected.

The hearing court expressed its belief that these two younger children were neglected, but felt constrained to withhold a finding to that effect on the ground that it was without power to amend the petitions to grant such relief. In this the court erred. Family Court Act § 1051 (b) empowers the court to amend allegations in the petition to conform to the proof. That course should have been adopted here and a finding made that the two younger children were neglected within the meaning of Family Court Act § 1012 (f). Concur—Kupferman, J. P., Ross, Ellerin, Wallach and Smith, JJ.