■ In the Matter of LILLIAN R., Appellant. [600 NYS2d 756] —In a child protective proceeding pursuant to Family Court Act article 10, the appeals are from (1) an order of the Family Court, Kings County (Nason, J.), entered April 26, 1990,

which, after a fact-finding hearing, adjudged the children to be neglected, (2) an order of disposition of the same court, dated September 18, 1990, which, *inter alia,* ordered that the children be placed with the Commissioner of Social Services for a period not to exceed nine months.

Ordered that the appeal from the order entered April 26, 1990, is dismissed, without costs or disbursements, as that order was superseded by the order dated September 18, 1990; and it is further,

Ordered that the order of disposition is affirmed, without costs or disbursements.

The appellant argues that a new fact-finding hearing is required because the Family Court did not set forth its factual findings in determining that the children were neglected. However, we find that the record is sufficiently complete for us to make our own factual determinations *(see, Northern Westchester Professional Park Assocs. v Town of Bedford,* 60 NY2d 492; *Matter of Sandra W.,* 170 AD2d 512, *cert denied sub nom. Watkins v Commissioner of Social Servs. of City of N. Y.,* — US —, 112 S Ct 1209; *Matter of William EE.,* 157 AD2d 974; *Emmi v State of New York,* 143 AD2d 876). The appellant's apartment was maintained in a deplorable and unsanitary condition *(see, Matter of Busch v Margaret B.,* 109 AD2d 837; *see also, Matter of Jennifer B.,* 163 AD2d 910; *Matter of Kevin J.,* 162 AD2d 1034). In addition, the appellant admitted that there was no food in the apartment and there was evidence that the appellant failed to accept homemaking services offered to her. Accordingly, the Family Court correctly determined that there was an "imminent danger of impairment of the children's health" as the result of the appellant's conduct *(see, Matter of Jennifer B., supra; Matter of Kevin J., supra; Matter of T. D. Children,* 161 AD2d 464). Bracken, J. P., Lawrence, Eiber and O'Brien, JJ., concur.