■ In the Matter of COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, on Behalf of JULLIAN L. and Another, Respondent, v HYACINTH L., Appellant. [619 NYS2d 762] —In

child protective proceedings pursuant to. Family Court Act article 10, the mother appeals (1) from an order of disposition of the Family Court, Queens County (Fitzmaurice, J.), dated September 2, 1992, which, upon a fact-finding order of the same court dated March 26, 1992, made after a hearing, finding that Jullian L. was an abused child, directed, *inter alia,* that he be placed in the custody of the Commissioner of Social Services for a period of 12 months, and (2) from an order of disposition of the same court, also dated September 2, 1992, which, upon a fact-finding order of the same court, also dated September 2, 1992, made after a hearing, finding that Jermaine L. was a neglected child, directed, *inter alia,* that he be placed in the custody of the Commissioner of Social Services for a period of 12 months. The appeals from the orders of disposition bring up for review the fact-finding orders dated March 26, 1992, and September 2, 1992.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

Dr. Adil Kabeer, the attending physician at the Nassau County Medical Center Burn Unit, testified that Jullian L. had suffered burns over approximately 6% of his total body surface area. Dr. Kabeer testified that the burns were located on Jullian's feet and buttocks and that they were classified as second degree scald burns. Photographs of the child's injuries, which Dr. Kabeer identified as replicas of his photographic slides, were admitted into evidence. Dr. Kabeer testified that he had discussed the cause of the burns with the appellant, who told him that Jullian, while being bathed in the sink, had turned on the hot water. Dr. Kabeer noted that this explanation was inconsistent with the location of burns, that Jullian had no burns on the front of his thighs where the water would have been expected to land, and that there were no splash marks on the child.

Family Court Act § 1046 (a) (ii) provides that a prima facie case of child abuse or neglect may be established by evidence of (1) an injury to a child that would not ordinarily occur absent an act or omission of the parent or other person responsible for the care of the child and (2) that the parent or such other person was the caretaker of the child when the injury occurred *(see, Matter of Philip M.,* 82 NY2d 238, 243). Upon presentation of such proof, the burden of going forward shifts to the parent or other person responsible for care of the child to offer a reasonable and adequate explanation of how

the child sustained the injury (see, Matter of Philip M., supra, at 244; Matter of Marcus S., 123 AD2d 702; Matter of Cerda, 114 AD2d 795 [mother's out-of-court explanations inconsistent with or contrary to unimpeached expert testimony, thus, failing to rebut prima facie case]; Matter of Shawniece E., 110 AD2d 900 [injury inconsistent with mother's explanation at the hospital]; Matter of Bobby M., 103 AD2d 777, 778 [uncontradicted evidence was that mother's explanation was unacceptable]; Matter of James P., 150 AD2d 240, 242 [strong evidence of sexual abuse was not rebutted by parents' "self-serving denials, containing * * * internal inconsistencies"]). When there is conflicting testimony and the matter turns almost entirely on assessments of the credibility of the witnesses, the factual findings of the hearing court must be accorded great weight (see, Matter of Carine T., 183 AD2d 902, 903).

In this case, a prima facie case of child abuse was clearly established by the expert medical testimony of Dr. Kabeer, whose specialty is burns, and the hospital records and photographs. The burns were of such a degree and nature that they would not ordinarily have occurred absent the appellant's act or omission, and the appellant did not dispute that Jullian had been in her care when he was burned. The appellant did not present any medical evidence to rebut Dr. Kabeer's testimony. Moreover, the appellant did not rebut the evidence of parental culpability.

With respect to the derivative finding of neglect, it has been observed that a court should not " 'await broken bone or shattered psyche before extending its protective cloak around [a] child pursuant to * * * article 10 of the Family Court Act' " (Matter of Alfredo S. v Nassau County Dept. of Social Servs., 172 AD2d 528, 533; see also, Matter of Anthony, 81 Misc 2d 342, 345). Moreover, as the Court of Appeals noted in Matter of Tammie Z. (66 NY2d 1), an erroneous failure to provide protection for a child in an article 10 proceeding may have disastrous consequences. In view of the appellant's demonstrated inability to protect Jullian L. from harm, Jermaine L. would be in imminent danger of harm if he were returned to the appellant's care.

The appellant's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Pizzuto, Copertino and Hart, JJ., concur.