■ COMMISSIONER OF SOCIAL SERVICES, on Behalf of PEDRO F., JR., and Another, Children Alleged to be Neglected, Appellant. NORMA F., Respondent. [622 NYS2d 518] —Order, Family Court, New York County (Bruce Kaplan, J.), entered May 10, 1994, which dismissed the neglect petitions against Norma F., biological mother of Pedro F., Jr. and Giovanni F., after a fact-finding hearing, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the matter remanded for a dispositional hearing.

On November 18, 1993, the Commissioner of Social Services filed a petition in Family Court, New York County, against respondent mother alleging, *inter alia,* that she failed to provide adequate food and shelter for her children, Pedro F. and Giovanni F. At the fact-finding hearing, caseworker Jean Miller testified that, on November 9, 1993, while investigating a neglect complaint filed against Vicky F., respondent's sister, she went to 166 Elizabeth Street, apartment 4-A, where she found Norma F. and her two children. Vicky F., one of her

two children and the children's maternal grandmother were also present. The premises were in general disrepair with plaster hanging off the lathing, lights hung from the ceiling by cords, and windows without window guards, the panes stuffed with rags. Miller stated that the apartment was not sanitary, neither the refrigerator nor the stove were operable, and there was no food in the apartment. She further testified that respondent's children were in bed wearing sleeping clothes. Respondent denied living at the apartment, alleging that she was just visiting.

On November 16, 1993, the caseworker again visited the apartment, finding respondent's children in the care of respondent's sister and mother. The condition of the apartment was essentially unchanged. Respondent later arrived and again denied living there. She was unable to produce identification for either herself or the children, and she refused to give the address at which she maintained her residence. No rent receipt or lease was produced to establish who actually rented the apartment.

The caseworker also offered evidence that she consulted computer records maintained by the Department of Social Services, listing public assistance recipients, that disclosed respondent's residence to be at 166 Elizabeth Street. However, the court sustained an objection to this testimony on hearsay grounds.

Respondent testified that she lived with her sister, Lucy, in the Bronx, but was unable to give the court the address. After some equivocation, she conceded that she received public assistance, but maintained that she had given her uncle's address on the application. The court, noting the failure to introduce any Department of Social Services record of respondent's address, found that the Commissioner had not established a case of neglect. Anomalously, the court denied a subsequent order to show cause submitted by the Law Guardian, seeking to reopen the hearing in order to supply the missing address record.

Based upon a review of the testimony, we find the record sufficient to establish respondent's residence at the subject premises. Respondent failed to offer any proof that she maintained a residence at a location other than the Elizabeth Street apartment. Even without Social Services records, the testimony of the caseworker that respondent and her children were present in that apartment on two occasions (on one of which the children were in bed) is a strong indication of residence. While considerable deference must be accorded to

the hearing court's appraisal of the credibility of a witness, it is important that all relevant evidence be considered to ensure the safety of the children *(see, Matter of Lahrick L.,* 118 AD2d 709; *Matter of Sharnetta N.,* 120 AD2d 276, 280). Respondent's failure to recall her address together with her evasiveness concerning her residence undermines her testimony that she did not live in the subject apartment and indicates that her testimony was self-serving, disingenuous, and incredible *(see, Matter of James P.,* 150 AD2d 240, 242). In view of Family Court's expression of disbelief at respondent's description of the condition of the premises, with which we are entirely in agreement, the caseworker's testimony is uncontroverted. Therefore, petitioner has demonstrated that respondent fails to provide adequate food and shelter for her children, and a finding of neglect is warranted on the ground that the children are likely to suffer harm if respondent's behavior towards them continues *(Matter of Cruz,* 121 AD2d 901, 903; *Matter of T. D. Children,* 161 AD2d 464, 465). Concur—Rosenberger, J. P., Asch, Rubin and Nardelli, JJ.