In the Matter of R./W. CHILDREN, Alleged to be Neglected. SANDRA R. et al., Appellants; COMMISSIONER OF SOCIAL SERVICES, Respondent. [658 NYS2d 597] —Order of disposition, Family Court, New York County (Sheldon Rand, J.), entered December 19, 1995, which extended, until March 24, 1996, the supervision by petitioner Commissioner of Social Services of respondent parents' three oldest children, and the placement of their four youngest children with the Commissioner, following a fact-finding determination of neglect as to all seven based upon respondent mother's use of cocaine prior to the birth of the youngest child, respondent father's knowledge thereof and failure to protect the child, and both parents' use of excessive corporal punishment against the child Marie, unanimously affirmed, without costs.

The unrebutted testimonial and documentary evidence supports the court's finding of neglect due to drug abuse against the mother (*see,* Family Ct Act § 1012 [f] [i] [B]; § 1046 [a] [iii]; *Matter of Nassau County Dept. of Social Servs. [Dante M.] v Denise J.*, 87 NY2d 73, 79-80), and of the father's knowledge thereof and failure to protect the child from such abuse (*see,* Family Ct Act § 1012 [f] [i] [B]; *Matter of Alena O.*, 220 AD2d 358, 361-362). Unrebutted testimonial and documentary evidence also supports the court's finding of neglect based upon the infliction of excessive corporal punishment on Marie resulting in bruises, welts, and scars on her arms and legs (*see,* Family Ct Act § 1012 [f] [i] [B]; *Matter of Anthony C.*, 201 AD2d 342). The court also properly found derivative neglect as to the other children (*see, Matter of Nassau County Dept. of Social Servs. [Dante M.] v Denise J., supra,* at 80).

As the original placement has expired and a subsequent or-

der extending placement has been entered, the challenge to the dispositional order placing the four youngest children is moot (*see, Matter of Angelina E.*, 213 AD2d 346). Were we to reach the merits, we would find that the placement was warranted by the evidence.

Since neither the mother's counsel nor the father sought to relieve the father's attorney, who had represented petitioner Commissioner of Social Services in a prior neglect case against the mother in which the father was not a party, the claims of conflict of interest, raised for the first time on appeal, are not preserved (*see, Matter of Brittany H.*, 184 AD2d 903). In any event, no conflict of interest existed. Concur—Wallach, J. P., Nardelli, Rubin, Tom and Andrias, JJ.