■ In the Matter of Tia B., a Child Alleged to be Neglected. Rene B., Appellant; Commissioner of Social Services, Respondent, et al., Respondent. [683 NYS2d 44] —Order of disposition, Family Court, New York County (Richard Ross, J.), entered on or about February 24, 1997, which, insofar as appealed from, upon a fact-finding determination of neglect, placed respondent's child under petitioner Commissioner's supervision for a period of 12 months, and directed respondent to undergo random drug testing, unanimously affirmed, without costs.

The finding that respondent was not providing the child with adequate shelter and had refused assistance in obtaining alternative housing is supported by a preponderance of the evidence and is by itself sufficient to support the finding of neglect (see, Commissioner of Social Servs. [Pedro F.], 212 AD2d 400). Thus, respondent's claim that he was not given notice of the additional finding that the child was neglected by his having left her in the care of her mother, who respondent knew or should have known was a drug abuser (see, Matter of R. / W. Children, 240 AD2d 207, lv denied 90 NY2d 807; Matter of K. Children, 253 AD2d 764), is academic. The claim is also unpreserved, since respondent neither objected to the introduction of the report of suspected child abuse that was the basis of this new, unpleaded allegation nor requested an adjournment to prepare a rebuttal (see, Matter of Michelle S., 195 AD2d 721).

We reject respondent's challenge to the directive in the order of disposition that he undergo random drug testing, given the evidence that respondent had been in a three-year relationship with a known crack user and the social worker's report of suspected child abuse stating that both parents were addicted to crack. Concur—Ellerin, J. P., Nardelli, Wallach and Rubin, JJ.