■ In the Matter of JONATHAN S., a Child Alleged to be Abused and Neglected. COMMISSIONER OF SOCIAL SERVICES OF THE CITY OF NEW YORK, Respondent; LEAH M., Appellant. [702 NYS2d 919] —In a child protective proceeding pursuant to Family Court Act article 10, the mother appeals from so much of a fact-finding and dispositional order of the Family Court, Kings County (Porzio, J.), dated November 13, 1997, as, after a hearing, found that the child had been abused and neglected by the appellant and placed the child in the custody of the Commissioner of Social Services of the City of New York for a period of 12 months.

Ordered that the appeal from so much of the order as placed the child in the care of the Commissioner of Social Services for a period of 12 months is dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The appeal from so much of the order as placed the child in the care of the Commissioner of Social Services must be dismissed as academic because that order expired by its own terms after one year (*see, Matter of Arthur C.,* 260 AD2d 478; *Matter of R. / W. Children,* 240 AD2d 207; *Matter of Jason J.,* 237 AD2d 357; *Matter of Commissioner of Social Servs. [Jessica M.] v Anne F.,* 225 AD2d 620). Nevertheless, the adjudication of abuse and neglect constitutes a permanent and significant stigma which might indirectly affect the appellant's status in any future proceedings. Therefore, the appeal from so much of the order of disposition as determined that she abused and neglected her child is not academic (*see, Matter of Eddie E.,* 219 AD2d 719; *Matter of H. Children,* 156 AD2d 520).

Contrary to the appellant's contention, the respondent proved by a preponderance of the evidence that she abused and neglected her child (*see, Matter of Julian L. v Hyacinth L.,* 210 AD2d 329, 331; *see also, Matter of Irene O.,* 38 NY2d 776; *Matter of Carine T.,* 183 AD2d 902). Mangano, P. J., Altman, Schmidt and Smith, JJ., concur.