■ In the Matter of LEAH P., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LEONORA P. et al., Appellants. (Proceeding No. 1.) In the Matter of ELIEZER P., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LEONORA P. et al., Appellants. (Proceeding No. 2.) In the Matter of CHANA P., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LEONORA P. et al., Appellants. (Proceeding No. 3.) In the Matter of CHAYA P., a Child Alleged to be Neglected. COMMISSIONER OF THE ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent; LEONORA P. et al., Appel-

lants. (Proceeding No. 4.) [715 NYS2d 900] —In four related child protective proceedings pursuant to Family Court Act article 10, the mother and father separately appeal from an order of the Family Court, Kings County (Pearce, J.), dated May 4, 1998, which, upon a fact-finding order of the same court dated October 23, 1995, made after a hearing, finding, *inter alia*, that the children were neglected, placed the children in the custody of the Commissioner of the Administration for Children's Services for a period of up to 1 year. The appeals bring up for review the fact-finding order dated October 23, 1995.

Ordered that the appeals from so much of the order as placed the children in the care of the Commissioner of the Administration for Children's Services for a period of up to 1 year are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The appeals from so much of the order as placed the children in the care of the Commissioner of the Administration for Children's Services must be dismissed as academic because that order expired by its own terms (*see, Matter of Jonathan S.,* 269 AD2d 454; *Matter of Arthur C.,* 260 AD2d 478). Nevertheless, the adjudication of neglect constitutes a permanent and significant stigma which might indirectly affect the appellants' status in any potential future proceedings. Therefore, the appeals from so much of the order as determined that the children were neglected is not academic (*see, Matter of Jonathan S., supra*).

Contrary to the appellants' contentions, the respondent proved by a preponderance of the evidence that the children were neglected (*see, Matter of Jonathan S., supra; Matter of Commissioner of Social Servs. of City of N. Y. [Julian L.] v Hyacinth L.,* 210 AD2d 329, 331). Altman, J. P., Goldstein, McGinity and Luciano, JJ., concur.