■ In the Matter of HOPE S., a Child Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES, Respondent; ELIZABETH S., Appellant. In the Matter of ELIJAH S., a Child Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES, Respondent; ELIZABETH S., Appellant. In the Matter of LAKEEMA S., a Child Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES, Respondent; ELIZABETH S., Appellant. In the Matter of JEREMIAH S., a Child Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES, Respondent; ELIZABETH S., Appellant. In the Matter of JAHMEL R., a Child Alleged to be Abused. COMMISSIONER OF SOCIAL SERVICES, Respondent; ELIZABETH S., Appellant. [717 NYS2d 331] —In five child protective proceedings pursuant to Family Court Act article 10, the mother appeals from five orders of disposition (one as to each child) of the Family Court, Kings County (Hepner, J.), all dated July 29, 1998, which adjudged the subject children to be abused and placed them in the custody of the Administration for Children's Services for a period of one year.

Ordered that the appeals from those portions of the orders which removed the subject children from the custody of the appellant for one year are dismissed as academic, without costs or disbursements; and it is further,

Ordered that the orders of disposition are affirmed insofar as reviewed, without costs or disbursements.

The appeals from those portions of the orders which placed each of the children in the care of the Administration for Children's Services must be dismissed as academic because those orders expired by their own terms after one year (see, Matter of Jonathan S., 269 AD2d 454; Matter of Arthur C., 260 AD2d 478; Matter of R.W. Children, 240 AD2d 207). Nevertheless, the adjudications of abuse constitute a permanent and significant stigma which might affect the appellant's status in any future proceedings. Therefore, the appeals from so much of the orders of disposition as determined that she abused her children are not academic (see, Matter of Jonathan S., supra; Matter of Eddie E., 219 AD2d 719; Matter of H. Children, 156 AD2d 520).

Contrary to the mother's contention, the Family Court's determination that she abused Lakeema was supported by a preponderance of the evidence, as she allowed her boyfriend access to her home after learning of the sexual abuse and while an order of protection was in effect (see, Family Ct Act § 1046 [b]; Matter of Nicole V., 71 NY2d 112, 117; Matter of Tammie Z., 66 NY2d 1; Matter of Lauren B., 200 AD2d 740). Further, the mother's admissions that illegal drugs were kept in the apartment and that her boyfriend was involved in the possessing and selling of drugs lent further support to the finding of abuse with respect to Lakeema and the appellant's other children (see, Matter of Hiram V., 162 AD2d 453; Family Ct Act § 1012 [e] [ii]). Altman, J. P., Goldstein, H. Miller and Smith, JJ., concur.