The finding of neglect based on respondent’s failure to provide adequate shelter is supported by a preponderance of the evidence and is, by itself, sufficient to support the finding of neglect (see Matter of Tia B., 257 AD2d 366 [1st Dept 1999]). The record establishes that although respondent was repeatedly advised that her unstable living situation was the cause of her son’s progressively deteriorating mental condition, she remained with the child in the New York City homeless shelter system for nearly five years and unreasonably refused suitable permanent housing options.
Respondent’s well documented alcohol abuse as well as her erratic and often violent behavior toward her son and others, is an independent basis for a finding of impairment, and a risk thereof, to the child’s mental, emotional, and physical well being (see Family Ct Act § 1012 [f] [i] [B]; Matter of Jared S. *600 [Monet S.], 78 AD3d 536 [1st Dept 2010], lv denied 16 NY3d 705 [2011]). In addition, respondent’s abrupt termination of her son’s weekly psychotherapy sessions after more than three years, with no available replacement, particularly at a time when his emotional state was fragile, placed him in imminent risk of emotional impairment (see Matter of Perry S., 22 AD3d 234, 235 [1st Dept 2005]; Matter of LeVonn G., 20 AD3d 530, 530-531 [2d Dept 2005]). Concur — Tom, J.E, Andrias, Saxe, DeGrasse and Manzanet-Daniels, JJ.