In related child abuse and neglect proceedings pursuant to Family Court Act article 10, Henrietta W appeals, as limited by her brief, from so much of an order of fact-finding and disposition of the Family Court, Kings County (McElrath, J.), dated May 3, 2012, as, after a hearing, found that she neglected the subject child, and Reginald M. separately appeals, as limited by his brief, from so much of the same order as, after the fact- *1042 finding and dispositional hearings, found that he abused the subject child.
Ordered that the order of fact-finding and disposition is affirmed insofar as appealed from, without costs or disbursements.
The appellants, Henrietta W and Reginald M., are the subject child’s paternal grandmother and her boyfriend, respectively. Reginald M. allegedly hit the child on the forehead, cheek, and back with an extension cord for having stayed out late one night, and Henrietta W allegedly allowed Reginald M. to do so in her presence. The Administration for Children’s Services (hereinafter ACS) filed a petition in the Family Court, alleging that Reginald M. abused the subject child and that Henrietta W neglected the child by failing to intervene to protect him. After a fact-finding hearing, the Family Court found that Reginald M. abused the subject child and that Henrietta W neglected him. Subsequently, a dispositional hearing was held, and the subject child was placed in the custody of the Commissioner of Social Services of the City of New York until the next permanency hearing.
In order to establish a prima facie case of child abuse or neglect, ACS had only to present evidence of an injury to a child that would not ordinarily occur absent an act or omission of the parent or other person responsible for the care of the child, and that the parent or other such person was the child’s caretaker when the injury occurred (see Family Ct Act § 1046 [a] [ii]; Matter of Philip M., 82 NY2d 238, 243 [1993]). “Upon presentation of such proof, the burden of going forward shifts to the parent or other person responsible for care of the child to offer a reasonable and adequate explanation of how the child sustained the injury” (Matter of Commissioner of Social Servs. of City of N.Y. v Hyacinth L., 210 AD2d 329, 330-331 [1994]).
Here, ACS established a prima facie case of abuse against Reginald M. and neglect against Henrietta W. The ACS caseworker testified that the subject child reported being beaten by Reginald M. with an extension cord while Henrietta W was present and did not intervene. “It is not necessary that specific evidence, outside of the child’s statement, exist as to the identity of the abuser, as long as the totality of the evidence provides strong confirmation of the credibility of the child’s statements concerning commission of the act and the identity of the abuser” (Matter of Nicole V., 123 AD2d 97, 105 [1987], affd 71 NY2d 112 [1987]). Here, the caseworker observed lacerations and welts on the subject child’s forehead, cheek, and back, as well as bruising on his ear, which comported with the child’s claim of being hit with an extension cord. Photographs documenting the injuries *1043 were also admitted as evidence. This evidence sufficiently corroborates the subject child’s out-of-court statements alleging abuse by Reginald M. and neglect by Henrietta W (see Matter of Jenna U. [Derrick U.], 108 AD3d 725 [2013]; Matter of Joseph O’D. [Denise O’D.], 102 AD3d 874 [2013]; Matter of Maria Raquel L., 36 AD3d 425 [2007]).
Reginald M. and Henrietta W failed to present any evidence to rebut the caseworker’s testimony or to provide a plausible alternate explanation for how the subject child sustained his injuries (see Matter of Commissioner of Social Servs. of City of N.Y. v Hyacinth L., 210 AD2d at 330). Therefore, the findings that Reginald M. abused the child and that Henrietta W. neglected the subject child were established by a preponderance of the evidence.
Mastro, J.E, Rivera, Sgroi and Cohen, JJ., concur.