■ In the Matter of SAHAIRAH J. and Others, Children Alleged to be Neglected. ROSEMARIE R. et al., Appellants; ADMINISTRATION FOR CHILDREN'S SERVICES, Respondent. [25 NYS3d 6]—

Order, Family Court, New York County (Clark V. Richardson, J.), entered on or about July 16, 2014, which, after a fact-finding hearing, determined that respondent parents had medically neglected the middle child, that both parents had neglected the subject children by failing to supply them with adequate shelter, and that respondent father had neglected the subject children by misusing drugs, unanimously affirmed, without costs.

Petitioner agency proved by a preponderance of the evidence that the parents medically neglected the middle child (*see* Family Ct Act §§ 1012 [f] [i] [A]; 1046 [b]). The evidence shows that the parents failed to provide or obtain prompt and proper treatment for the child's full-body rash, which was ultimately diagnosed as scabies, despite being advised by a doctor to return to the hospital if the child's rash did not improve in one week (*see Matter of Faridah W.*, 180 AD2d 451, 452 [1st Dept 1992], *lv denied* 80 NY2d 751 [1992]).

A preponderance of the evidence also supports Family Court's finding of neglect based on inadequate shelter (*see* Family Ct Act § 1012 [f] [i] [A]). The evidence shows that the parents' home was dirty, malodorous, and infested with roaches and bed bugs, and that it had a gaping hole in the wall. Although the parents complained to the Housing Authority about the insect infestation and hole, they failed to take steps to address the odor and dirt (*see Commissioner of Social Servs.*, 212 AD2d 400 [1st Dept 1995]).

A preponderance of the evidence supports Family Court's finding of neglect based on the father's misuse of drugs (Family Ct Act § 1012 [f] [i] [B]). The father admitted that he used K2, a synthetic form of marijuana, every other day, and the expert's testimony established that the active ingredient in K2 was a Schedule 1 controlled substance, like marijuana. Under these circumstances, there is a statutory presumption of neglect, which the father failed to refute, as there is no evidence that he was participating in a rehabilitative program (*see* Family Ct Act § 1046 [a] [iii]; *Matter of Keoni Daquan A. [Brandon W.— April A.]*, 91 AD3d 414, 415 [1st Dept 2012]).

We have considered the parents' remaining contentions and find them unavailing. Concur—Tom, J.P., Mazzarelli, Richter and Gische, JJ.