Matter of Zahyre A. (Faye A.) (2018 NY Slip Op 02456)





Matter of Zahyre A. (Faye A.)


2018 NY Slip Op 02456


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
BETSY BARROS
LINDA CHRISTOPHER, JJ.


2017-07003
 (Docket Nos. N-3308-16, N-3309-16)

[*1]In the Matter of Zahyre A. (Anonymous). Orange County Department of Social Services, respondent;
Faye A. (Anonymous), appellant. (Proceeding No. 1)
In the Matter of Ja'Faysia M. (Anonymous). Orange County Department of Social Services, respondent; Faye A. (Anonymous), appellant. (Proceeding No. 2)


Alex Smith, Middletown, NY, for appellant.
Langdon C. Chapman, County Attorney, Goshen, NY (Peter R. Schwarz of counsel), for respondent.
Keith G. Ingber, Thompson Ridge, NY, attorney for the children.



DECISION & ORDER
In related child protective proceedings pursuant to Family Court Act article 10, the mother appeals from an order of disposition of the Family Court, Orange County (Victoria B. Campbell, J.), entered May 30, 2017. The order of disposition, insofar as appealed from, after a hearing, and upon the consent of the mother to a finding of neglect without admission, determined that the best interests of the children required that they be placed in the custody of the Commissioner of Social Services of Orange County.
ORDERED that the order of disposition is affirmed insofar as appealed from, without costs or disbursements.
On July 21, 2016, the petitioner, Orange County Department of Social Services, filed a petition alleging that the mother neglected the subject children. Upon the mother's consent to a finding of neglect without admission, the Family Court, after a dispositional hearing, determined that the best interests of the children required that they be placed in the custody of the Commissioner of Social Services of Orange County. The mother appeals.
"The paramount concern in a dispositional hearing is the best interests of the child. The factors to be considered in making the determination include the parent or caretaker's capacity to properly supervise the child, based on current information and the potential threat of future abuse and neglect" (Matter of Eric Z. [Guang Z.], 100 AD3d 646, 648 [internal quotation marks omitted]; see Matter of Phillips N. [Joy N.], 104 AD3d 690; Matter of Lemar H., 23 AD3d 383). The Family [*2]Court's assessment of credibility of the witnesses is entitled to considerable deference unless clearly usupported by the record (see Matter of Ariel R. [Danielle K.], 118 AD3d 1010, 1010). Here, the Family Court properly determined that the mother's mental illness rendered her unable to ensure that the children obtain appropriate medical care and attend school regularly. Thus, the court properly placed the children in the custody of the Commissioner of Social Services of Orange County.
The mother's remaining contentions are either based on matters dehors the record and thus not properly before this Court (see Matter of Brian S. [Tanya S.], 141 AD3d 1145; Matter of Gridley v Syrko, 50 AD3d 1560) or not preserved for appellate review (see Matter of Tia B., 257 AD2d 366).
CHAMBERS, J.P., ROMAN, BARROS and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court