People v Fabian (2020 NY Slip Op 51159(U))

[*1]

People v Fabian (Ramon)

2020 NY Slip Op 51159(U) [69 Misc 3d 130(A)]

Decided on October 5, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570262/16

The People of the State of New York,
Respondent,
against
Ramon Fabian, Defendant-Appellant.

Defendant appeals from the judgment of the Criminal Court of the City of New York, New
York County (Sheryl L. Parker, J.H.O.), rendered March 18, 2016, convicting him, upon a plea
of guilty, of aggravated unlicensed operation of a motor vehicle in the third degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Sheryl L. Parker, J.H.O.), rendered March 18, 2016, affirmed. 
The information charging aggravated unlicensed operation of a motor vehicle in the third
degree (see Vehicle and Traffic Law § 511[1][a]) was jurisdictionally valid because it
contained "nonconclusory factual allegations that, if assumed to be true, address[ed] each
element of the crime charged, thereby affording reasonable cause to believe that defendant
committed that offense" (People v
Matthew P., 26 NY3d 332, 335-336 [2015], quoting People v Jackson, 18 NY3d 738, 741 [2012]; see People v Kalin, 12 NY3d 225,
228-229 [2009]).
The information, including the certified abstract of defendant's driving record and certified
proofs of mailing of notices of suspension of defendant's driver's license, alleged that at a
specified date, time and location, defendant was operating a motor vehicle; that a computer check
of the records of the Department of Motor Vehicles revealed that his license was suspended "for
failure to answer a New York State summons three times on three or more dates," that "all such
summonses have printed on them, '[i]f you do not answer this ticket by mail within fifteen days
your license will be suspended' [and that] the suspension occurs automatically (by computer)
within four weeks of the defendant's failure to answer." These factual allegations were sufficient
to establish that defendant was operating a motor vehicle while knowing or having reason to
know that his license had been suspended or revoked (see People v Gerado, 55 Misc 3d 127[A], 2017 NY Slip Op
50344[U][App Term, 1st Dept 2017], lv denied 29 NY3d 1079 [2017]; People v Thompson, 52 Misc 3d
145[A], 2016 NY Slip Op 51287[U] [App Term, 1st Dept 2016], lv denied 28 NY3d
1076 [2016])
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 5, 2020