People v Arroyo (2020 NY Slip Op 51165(U))

[*1]

People v Arroyo (Ramon)

2020 NY Slip Op 51165(U) [69 Misc 3d 130(A)]

Decided on October 5, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 5, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570455/19

 The People of the State of New York,
Respondent,
against
Ramon Arroyo, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ilana J. Marcus, J.), rendered May 29, 2019, convicting him, upon his plea of
guilty, of criminal possession of a controlled substance in the seventh degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Ilana J. Marcus, J.), rendered May 29, 2019, affirmed.
In view of defendant's knowing waiver of the right to be prosecuted by an information, the
accusatory instrument only had to satisfy the reasonable cause requirement (see People v Dumay, 23 NY3d
518, 522 [2014]). So viewed, the accusatory instrument was jurisdictionally valid, since it
set forth facts that establish reasonable cause to believe that defendant possessed synthetic
cannabinoids or K2, a Schedule 1 controlled substance (see Penal Law § 220.00[5];
Public Health Law § 3306[g]; People v Miller, 65 Misc 3d 159[A], 2019 NY Slip Op 52006[U]
[App Term, 1st Dept 2019], lv denied 34 NY3d 1161 [2020]; see also Matter of Sahairah J. (Rosemarie
R.), 135 AD3d 452 [2016]). The instrument recited that the officer observed defendant
smoking a cigarette containing "synthetic cannabinoids/synthetic phenethylamine ('K2')" on a
public sidewalk and that the officer concluded that the substance was K2 "based on [his]
professional training as a police officer in the identification of drugs, [his] prior experience as a
police officer making drug arrests, the odor emanating from the substance, [and his] observation
of the substance, which is characteristic of this type of drug" (see People v Kalin, 12 NY3d 225, 231-232 [2009]). No additional
evidentiary details were required for the People's pleading to provide adequate notice to enable
defendant to prepare a defense and invoke his protection against double jeopardy (see People v Smalls, 26 NY3d
1064 [2015]; People v Kalin, 12 NY3d at 231-232; see also People v Thiam, 34 NY3d
1040 [2019, DiFiore, Ch. J., concurring]).
In any event, the only relief defendant requests is dismissal of the accusatory instrument
[*2]in its entirety, rather than a remand on the remaining charge,
and he expressly asks this Court to affirm the conviction if it does not grant a dismissal. Because
we do not find that dismissal would be appropriate, we affirm on this basis as well.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 5, 2020