People v Cubero (2020 NY Slip Op 51187(U))

[*1]

People v Cubero (Jose)

2020 NY Slip Op 51187(U) [69 Misc 3d 131(A)]

Decided on October 9, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on October 9, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Edmead, P.J., Cooper, Higgitt, JJ.

570458/19

The People of the State of New York,
Respondent,
against
Jose Cubero, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, New
York County (Ilana J. Marcus, J.), rendered May 29, 2019, convicting him, upon a plea of guilty,
of criminal possession of a controlled substance in the seventh degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Ilana J. Marcus, J.), rendered May 29, 2019, affirmed.
The misdemeanor complaint charging criminal possession of a controlled substance in the
seventh degree (see Penal Law § 220.03) was not jurisdictionally defective.
Defendant's possession of synthetic cannabinoids/synthetic phenethylamine, a Schedule I
controlled substance (see Penal Law § 220.00[5]; Public Health Law §
3306[g]; see also Matter of Sahairah J.
(Rosemarie R.), 135 AD3d 452 [2016]), was established by allegations that the police
observed defendant smoking a cigarette containing "synthetic cannabinoids/synthetic
phenethylamine ('K2')" and that the officer concluded that the substance was K2 based on his
professional training as a police officer in the identification of drugs, his prior experience as a
police officer making drug arrests, the odor emanating from the substance, and an observation of
the substance, "which is characteristic of this type of drug" (see People v Miller, 65 Misc 3d
159[A], 2019 NY Slip Op 52006[U][App Term, 1st Dept 2019], lv denied 34 NY3d
1161 [2020]; see also People v
Kalin, 12 NY3d 225, 231-232 [2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: October 9, 2020