People v Hill (2020 NY Slip Op 51394(U))

[*1]

People v Hill (Ron)

2020 NY Slip Op 51394(U) [69 Misc 3d 145(A)]

Decided on November 20, 2020

Appellate Term, First Department

Published by New York State Law Reporting Bureau
pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be
published in the printed Official Reports.

Decided on November 20, 2020
SUPREME COURT, APPELLATE TERM, FIRST
DEPARTMENT

PRESENT: Cooper, J.P., Higgitt, McShan, JJ.

570098/19

 The People of the State of New York,
Respondent,
against
Ron Hill, Defendant-Appellant.

Defendant appeals from a judgment of the Criminal Court of the City of New York, Bronx
County (Miriam R. Best, J.), rendered January 21, 2019, convicting him, upon his plea of guilty,
of criminal possession of a controlled substance in the seventh degree, and imposing
sentence.

Per Curiam.
Judgment of conviction (Miriam R. Best, J.), rendered January 21, 2019, affirmed.
The misdemeanor complaint was jurisdictionally valid because it described facts of an
evidentiary nature establishing reasonable cause to believe that defendant possessed synthetic
cannabinoids, a Schedule 1 controlled substance (see Penal Law § 220.03; Public
Health Law § 3306[g]; People v
Arroyo, 69 Misc 3d 130[A], 2020 NY Slip Op 51165[U] [App Term, 1st Dept 2020]; see also Matter of Sahairah J. (Rosemarie
R.), 135 AD3d 452 [2016]). The instrument recited that the officer observed defendant
in possession of a "clear ziplock bag containing a shredded dried plant-like material with a
chemical odor," which defendant "tossed to the ground," and that the officer concluded that the
substance was "synthetic cannabinoid/synthetic marijuana (K2)," "based on [his] training and
experience, which include[d] training in the recognition of controlled substances, and their
packaging" (see People v Kalin, 12
NY3d 225, 231-232 [2009]). Where, as here, "the defendant has waived prosecution by
information (and therefore has assented to the more lenient reasonable cause standard), these
legal and factual allegations are sufficient to particularize the crime charged and protect against a
constitutional double jeopardy violation" (People v Thiam, 34 NY3d 1040, 1044 [2019, DiFiore, Ch. J.,
concurring]). 
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: November 20, 2020