State of New York
Court of Appeals

OPINION

This opinion is uncorrected and subject to revision
before publication in the New York Reports.

No. 57
The People &c.,
         Respondent,
      v.
Ron Hill,
         Appellant.

Harold V. Ferguson, Jr., for appellant.
Joshua P. Weiss, for respondent.

SINGAS, J.:

Defendant Ron Hill was charged with criminal possession of a controlled substance

in the seventh degree for allegedly possessing an illegal synthetic cannabinoid. The Public

Health Law's controlled substance schedules criminalize possession of some, but not all,

- 1 -

synthetic cannabinoids. Because the misdemeanor to which defendant pleaded guilty failed to allege a sufficient factual basis to conclude that the substance defendant possessed was illegal, that count was facially deficient and should be dismissed.

In 2018, defendant was charged, in a complaint, with criminal possession of a controlled substance in the seventh degree (*see* Penal Law § 220.03), a class A misdemeanor, and possession, manufacture, distribution, sale or offer of sale of synthetic phenethlylamines and synthetic cannabinoids under the State Sanitary Code, a violation (*see* 10 NYCRR former 9.2; 10 NYCRR 9-1.2). In the factual portion of the accusatory instrument, an officer alleged that he saw defendant possess one "clear ziplock bag containing a shredded dried plant-like material with a chemical odor." "[B]ased upon [his] training and experience, which includes training in the recognition of controlled substances, and their packaging," the officer averred that the "substance is alleged and believed to be SYNTHETIC CANNABINOID/SYNTHETIC MARIJUANA (K2)." The complaint made no reference to Public Health Law § 3306 (g), or its schedule which lists 10 proscribed synthetic cannabinoid substances by specific chemical designation.

At arraignment, defendant waived prosecution by information, pleaded guilty to criminal possession of a controlled substance in the seventh degree in satisfaction of the accusatory instrument, and was sentenced to a conditional discharge. Defendant appealed, arguing that the misdemeanor complaint was jurisdictionally defective because it failed to allege that he possessed one of the synthetic cannabinoid substances listed in Public Health Law § 3306 (g).

The Appellate Term affirmed the judgment, concluding that the complaint was valid because it provided sufficient notice of the crime charged and established reasonable cause to believe that defendant committed that crime (*see* 69 Misc 3d 145[A], 2020 NY Slip Op 51394[U] [App Term, 1st Dept 2020]).  A Judge of this Court granted defendant leave to appeal (*see* 37 NY3d 965 [2021]).  We now reverse.

A guilty plea "generally marks the end of a criminal case, not a gateway to further litigation" (*People v Konieczny*, 2 NY3d 569, 572 [2004] [internal quotation marks and citation omitted]).  Certain "limited issues surviv[e] a guilty plea," however, including "jurisdictional matters" like the facial sufficiency of an accusatory instrument (*id.* at 573 [internal quotation marks and citation omitted]).

The standard "for whether a flaw in an accusatory instrument is jurisdictional" is whether the instrument failed to give the defendant "sufficient notice of the charged crime to satisfy the demands of due process and double jeopardy" (*People v Dreyden*, 15 NY3d 100, 103 [2010]; *see People v Dumay*, 23 NY3d 518, 524 [2014]).  "Pleading errors involving omission of elements of the charged crime are fundamental.  They impair a defendant's basic rights to fair notice sufficient to enable preparation of a defense and to prevent double jeopardy" (*People v Casey*, 95 NY2d 354, 366 [2000]).

Because defendant waived his statutory right to be prosecuted by misdemeanor information, the standard governing misdemeanor complaints applies.  "A misdemeanor complaint . . . is sufficient on its face when . . . [t]he allegations of the factual part," along with "any supporting depositions which may accompany it, provide reasonable cause to

believe that the defendant committed the offense charged in the accusatory part of such instrument" (CPL 100.40 [4] [b]; *see Dumay*, 23 NY3d at 524; *Dreyden*, 15 NY3d at 102). "To meet the jurisdictional standard for facial sufficiency, a misdemeanor complaint 'need only set forth facts that establish reasonable cause to believe that the defendant committed the charged offense' " (*People v Smalls*, 26 NY3d 1064, 1066 [2015], quoting *Dumay*, 23 NY3d at 522). "Standing alone, a conclusory statement that a substance seized from a defendant was a particular type of controlled substance does not meet the reasonable cause requirement" (*People v Kalin*, 12 NY3d 225, 229 [2009]; *see Dreyden*, 15 NY3d at 103; *People v Dumas*, 68 NY2d 729, 731 [1986]).

Turning to the crime at issue, "[a] person is guilty of criminal possession of a controlled substance in the seventh degree when" they "knowingly and unlawfully possess[ ] a controlled substance" (Penal Law § 220.03). Penal Law § 220.00 (5) defines " '[c]ontrolled substance' " as "any substance listed in schedule I, II, III, IV or V of" Public Health Law § 3306.

Section 3306 (g) makes certain synthetic cannabinoids schedule I controlled substances, but does not list all known synthetic cannabinoids (*compare* Public Health Law § 3306 [g], *with* 10 NYCRR 9-1.1 [b]). Although hundreds of synthetic cannabinoids exist, Public Health Law § 3306 (g) only proscribes "any material, compound, mixture, or preparation, which contains any quantity of" 10 specified "synthetic cannabinoid

substances."[1]  The 10 synthetic cannabinoid substances are listed in the schedule by their specific chemical designations.  For each of the 10 specified chemical designations, the statute also lists some trade names or other names, none of which is K2.  For instance, Public Health Law § 3306 (g) (1) lists: "(1-pentyl-1H-indol-3-yl)(2,2,3,3-tetramethylcyclopropyl) methanone.  Some trade or other names: UR-144."  The statute enumerates nine other synthetic cannabinoid substances in a similar fashion.[2]

---

[1] In addition to the 10 identified synthetic cannabinoid substances, the statute also proscribes any material containing the "salts, isomers, and salts of isomers" of those substances "whenever the existence of such salts, isomers, and salts of isomers is possible within the specific chemical designation" (Public Health Law § 3306 [g]).

[2] The nine other listed synthetic cannabinoids are:

> "(2)                {1-(5-fluro-pentyl)-1H-indol-3-yl}(2,2,3,3-tetramethylcyclopropyl) methanone.  Some trade names or other names: 5-fluoro-UR-144, XLR11.

> "(3)   N-(1-adamantyl)-1-pentyl-1H-indazole-3-carboxamide. Some trade or other names: APINACA, AKB48.

> "(4) quinolin-8-yl 1-pentyl-1H-indole-3-carboxylate.   Some trade or other names: PB-22; QUPIC.

> "(5)        quinolin-8-yl        1-(5-fluoropentyl)-1H-indole-3-carboxylate.  Some trade or other names: 5-fluoro-PB-22; 5F-PB-22.

> "(6)                N-(1-amino-3-methyl-1-oxobutan-2-yl)-1-(4-fluorobenzyl)-1H-indazole-3-carboxamide.   Some trade or other names: AB-FUBINACA.

> "(7) N-(1-amino-3,3-dimethyl-1-oxobutan-2-yl)-1-pentyl-1H-indazole-3-carboxamide.  Some trade or other names: ADB-PINACA.

Synthetic cannabinoids, whether listed in section 3306 (g) or not, "have become prevalent drugs of abuse" that "are designed to stimulate the same receptor in the body as" marijuana's active ingredient, "cannabinoid 9-tetrahydrocannabinol (THC)" (NY Reg, Aug. 26, 2015 at 8). Synthetic cannabinoids are not marijuana, however. These manufactured drugs, containing varied chemical compounds, present a public health threat (*see id.*; *see also People v Turner*, 202 AD3d 1375, 1377 [3d Dept 2022]).

The Public Health Law's statutory framework, which criminalizes only a subset of synthetic cannabinoids, renders it difficult for both the public and law enforcement alike to reasonably conclude whether a synthetic cannabinoid is a controlled substance without additional facts.[3] Given this particular statutory framework, the misdemeanor count in this

---

"(8)    N-(1-amino-3-methyl-1-oxobutan-2-yl)-1-(cyclohexylmethyl)-1H-indazole-3-carboxamide. Some trade or other names: AB-CHMINACA.

"(9)    N-(1-amino-3-methyl-1-oxobutan-2-yl)-1-pentyl-1H-indazole-3-carboxamide. Some trade or other names: AB-PINACA.

"(10)    {1-(5-fluoropentyl)-1H-indazol-3-yl}(naphthalen-1-yl)methanone. Some trade or other names: THJ-2201."

[3] The legislature is considering proposed legislation that would expand the list of proscribed synthetic cannabinoids by "ban[ning] those products that affect a person's cannabinoid receptors producing the high," rather than continuing to "ban the drug based on its exact chemical composition" through use of Public Health Law § 3306 (g)'s schedule (Senate Introducer's Mem in Support, 2021 NY Senate-Assembly Bill S2716, A6465). The proposed legislation is intended to combat the work of "underground chemists" who are "constantly altering the chemical makeup of" synthetic cannabinoids "to bypass any bans or criminal penalties" (*id.*).

accusatory instrument contains a fundamental defect because it does not sufficiently allege that defendant committed a crime.

The officer stated in the complaint that, based on his training, he believed that the substance he seized from defendant was "SYNTHETIC CANNABINOID/SYNTHETIC MARIJUANA (K2)" because it was "a shredded dried plant-like material with a chemical odor." These factual allegations gave a non-conclusory description of the substance seized from defendant and were adequate to state the officer's training in identifying controlled substances (*see Smalls*, 26 NY3d at 1067).

Nevertheless, the Public Health Law's scheme, banning only a limited number of synthetic cannabinoids by reference to their specific chemical designation, requires more to sufficiently plead possession of an *illegal* synthetic cannabinoid. The instrument's factual assertions gave no basis for concluding that the substance defendant possessed was a controlled substance; that is, an illegal synthetic cannabinoid as listed with precision in Public Health Law § 3306 (g), as opposed to one of the many synthetic cannabinoid substances that are not criminalized in the schedule. As noted, section 3306 (g) does not list "K2" as a trade or other name for any of the 10 banned synthetic cannabinoid substances. The complaint's remaining non-particularized reference to "SYNTHETIC CANNABINOID/SYNTHETIC MARIJUANA" simply does not state whether the substance defendant possessed was illegal. Absent a basis explaining the officer's belief that the substance possessed was listed in section 3306 (g), the conduct alleged in the complaint is as consistent with legal conduct as it is with illegal conduct. The accusatory

instrument therefore failed to give defendant sufficient notice of the charged crime. Consequently, under our jurisdictional standard for a facially sufficient misdemeanor complaint, the allegations within this instrument's four corners failed to establish reasonable cause to believe that defendant committed the crime of criminal possession of a controlled substance in the seventh degree as charged.

Finally, dismissal of the remaining count, a violation, is appropriate here because the People do not oppose such disposition and defendant was sentenced to a conditional discharge, with no sentence to serve (*see People v Hightower*, 18 NY3d 249, 253 [2011]; *Dreyden*, 15 NY3d at 104). Accordingly, the order of the Appellate Term should be reversed and the accusatory instrument dismissed.

Order reversed and accusatory instrument dismissed. Opinion by Judge Singas. Chief Judge DiFiore and Judges Rivera, Garcia, Wilson, Cannataro and Troutman concur.

Decided June 16, 2022